Lockwood v. Ferguson.

Filed Feb. 16, 1886.

No. 12,306.

## LOCKWOOD v. FERGUSON.

DRAINAGE.—*Surveyor's Certificate to Contractor.*—*Must be Collected as Other Taxes.*—*Personal Action Against Owner will not Lie.*—An action will not lie against the owner of land, whether a resident or non-resident, for the recovery of the amount of a certificate executed by the county surveyor to a contractor for the construction of a section of ditch, pursuant to section 4305, R. S. 1881, or for the enforcement of the lien thereby given ; but it is the duty of such surveyor to file a copy of the certificate with the county auditor, to be charged and collected as other taxes.

From the DeKalb Circuit Court.

*W. L. Penfield* and *H. J. Shafer*, for appellant.

*J. E. Rose*, for appellee.

HOWK, J.—The controlling question in this case arises under the alleged error of the circuit court in overruling appellant's demurrer to appellee's complaint.

In his complaint appellee Ferguson declared upon a written certificate executed to him, as alleged, by the surveyor of DeKalb county, of which the following is a copy:

"AUBURN, IND., Nov. 1st, 1884.

" This certifies that I, the undersigned, surveyor of DeKalb county, Indiana, have examined the allotment of Alonzo Lockwood, on the James Carnahan drain, from stake 56.50 to stake 75, and find the same fully completed, according to specifications of said ditch. Amount due John D. Ferguson, for the performance of the above ditch, $366.80.

" (Signed)        J. JAY VANAUKEN, Surveyor."

It is shown by the averments of the complaint, that this certificate was executed to the appellee Ferguson under and pursuant to the provisions of section 4305, R. S. 1881, in force since September 19th, 1881; and such other facts were stated by appellee as would have constituted a good cause of action, if a personal action could be maintained, in any case, upon such a certificate. The first point made by appellant's counsel, in discussing the alleged insufficiency of appellee's complaint, is, that a personal action can not be maintained by the contractor for the recovery of the money due him under the surveyor's certificate. Appellant's counsel insist that appellee has mistaken his remedy, and that he can only secure the collection of the money due him, under such certificate, by procuring the county auditor to charge the amount thereof on the tax duplicate against appellant's land, to be collected as other taxes are collected.

On the other hand, appellee's counsel vigorously insists, that section 4305 provides for two classes of cases, where the share or allotment has been sold to a person not the owner of the land assessed therefor, as follows: 1. Where the owner of the land assessed is a resident of the county; and 2. Where the owner of the land assessed is a non-resident of the county. As to the first class, it is claimed by appellee's counsel, that the statute makes the sum specified in the surveyor's certificate, " due and payable immediately by the

owner of the land," and provides that "such certificate, if not paid on demand, shall draw interest until paid." As to the second class, appellee's counsel claims that the statute make it the duty of the county surveyor, only as to that class, to file a copy of his certificate with the county auditor to be entered by him on the tax duplicate, and collected as other taxes are collected, together with six per cent. after the same became delinquent. Finally, it is claimed on behalf of appellee, that as appellant was a resident of DeKalb county, and as the statute made the amount mentioned in the surveyor's certificate the personal debt of the appellant to the appellee, due and payable immediately, the appellee can maintain a personal action against the appellant for the recovery of such personal debt.

These questions were considered by this court in the recent case of *Storms* v. *Stevens,* 104 Ind. 46, and it was there held substantially that an action would not lie against the owner of the land, whether a resident or non-resident, for the recovery of the sum expressed in the certificate, executed by the county surveyor to the contractor for the construction of a section of a ditch, pursuant to the provisions of section 4305, or for the enforcement of the lien thereby given. It was further held to be the duty of the county surveyor to file copies of his certificates, executed as aforesaid, with the county auditor, whether the land-owners were resident or non-resident, and the duty of the county auditor to charge the sum expressed in any such certificate on the tax duplicate against the proper land-owner, to be collected as other taxes are collected. Upon the authority of the case cited, it must be held in the case in hand that the appellee can not maintain his action, and that it was error to overrule the demurrer to his complaint.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint.

Filed Feb. 13, 1886.