Hogshead, Administrator, v. The State, ex rel. Allen, Guardian.

No. 14,638.

HOGSHEAD, ADMINISTRATOR, v. THE STATE, EX REL. ALLEN, GUARDIAN.

GUARDIAN AND WARD.—*Mortgage.—Purchase of Mortgaged Land.—Conversion.—Action on Bond.*—Where a guardian, on his own account, purchases land upon which he holds a mortgage to secure a loan of his ward's money, and agrees, as the purchase-price, to pay the debt due to to the ward, such debt, as between the vendor and the guardian, is paid, and an action therefor will lie upon the guardian's bond as for a conversion.

SAME.—*Satisfaction of Mortgage.—Priority of Liens.*—Where the guardian, in such case, after taking a conveyance of the land, enters the trust mortgage satisfied, in order that he may negotiate a new mortgage loan upon the land, the ward is not bound to institute a proceeding to establish the priority of the trust mortgage as against the new mortgagee, but may sue upon the guardian's bond for conversion.

NEW TRIAL.—*Actions on Contract.—Amount of Recovery.*—In actions upon contract, an assignment as a cause for a new trial that the damages assessed by the jury are excessive, does not call in question the amount of the verdict.

From the Daviess Circuit Court.

*W. R. Gardiner* and *S. H. Taylor*, for appellant.

*J. W. Ogdon, M. F. Burke, J. C. Billheimer* and *J. Downey*, for appellee.

COFFEY, J.—On the 7th day of August, 1875, Nelson Purcell was duly appointed guardian of the person and property of Margaret E. Wallace, a minor, and executed his bond as such in the penal sum of twelve hundred dollars, with David Hogshead as surety. David Hogshead, the surety on said bond, departed this life, intestate, on the 13th day of June, 1879, and his estate is now in process of settlement in the Daviess Circuit Court. Nelson Purcell was removed from his trust as such guardian by the Daviess Circuit Court, and the appellee herein, John Allen, was duly appointed and qualified in his stead. The appellee filed the claim now

in controversy, basing it upon the guardian's bond, executed by the said Nelson Purcell and David Hogshead, and alleging, as a breach of said bond, that prior to the 15th day of October, 1881, the said Nelson Purcell, as guardian, converted to his own exclusive use and benefit the moneys which came into his hands as such guardian, the sum of $750, and has never accounted for the same, or any part thereof, to the said Margaret E. Wallace, or any other person.

A trial of the cause, before a jury, resulted in a verdict for the appellee in the sum of $885.54, upon which the court rendered judgment.

The error assigned is, that the circuit court erred in overruling the appellant's motion for a new trial.

The undisputed facts in the case are, that, on the 9th day of August, 1875, Nelson Purcell was duly appointed guardian of the person and property of Margaret E. Wallace, in Daviess county, and executed a bond as such in the usual form, with David Hogshead as his surety; on the same day he loaned to Hiram Purcell $544 of his ward's money, at ten per cent. interest, and took a mortgage on real estate in Daviess county to secure the repayment of the same; forty-four dollars of the principal of this loan was subsequently repaid to the guardian. Hiram Purcell and his wife conveyed the land thus mortgaged to Barnetta Mattingly on the 24th day of February, 1876, she assuming and agreeing to pay $500 of the mortgage debt. On the 22d day of January, 1879, Barnetta Mattingly conveyed the land to Nelson Purcell, the guardian, the sole consideration for such conveyance being his agreement with her to pay off the mortgage debt above named. David Hogshead departed this life on the 13th day of June, 1879, and on the 1st of October, 1881, the guardian reported this fact to the Daviess Circuit Court, and filed a new bond to the approval of said court. Nelson Purcell, the guardian, having negotiated a loan of money from the Ætna Life Insurance Company upon the land mortgaged to him to secure the debt due to his ward, and

other lands, on the 10th day of December, 1883, entered the mortgage satisfied of record.   On the 7th day of December, 1885, Nelson Purcell was removed from his trust as guardian by the Daviess Circuit Court, and the appellee appointed as his successor in the trust.   Upon these facts the court instructed the jury as follows :

" It is the duty of the guardian to preserve the identity, as well as the existence, of the fund under his control ; and if a guardian invest the money of his ward in his hands in his own business, or the business of others in which he has an interest, it is a conversion of money for which he will be liable on his bond.

" 2.   The selling, bartering, or assigning away of the property of his ward, including choses in action, by the guardian for his own use, is a conversion of his ward's assets for which he is liable.

" 5.   If the jury find, from a preponderance of the evidence, that Nelson Purcell was duly appointed guardian of Margaret E. Wallace, and executed his bond as such, and that the decedent, David Hogshead, executed such bond as surety for said Purcell in that behalf, which bond was duly approved, and that money or other property of said ward came into the hands of said Purcell as such guardian ; and you further find that said Purcell, as such guardian, loaned the money of his ward to Hiram Purcell and took a mortgage from him on certain real estate as security for said loan, and before the payment of said mortgage Nelson Purcell bought the land so mortgaged, and took the deed to himself in his own name, and, as a part of the consideration for such purchase, promised and agreed to pay said mortgage, and that he took possession of said land and converted it to his own use, and failed to pay said mortgage to his ward, or any other person authorized to receive it, and that such conversion was made when the decedent, David Hogshead, was surety on the bond, and before a new bond was executed by

Purcell, then and in that case you should find for the plaintiff.

· " 6. If you find for the plaintiff, and that Nelson Purcell, as guardian, converted to his own use the funds of his ward, as above stated, you will assess the plaintiff's damages at the amount so found to be converted, with six per cent. interest from the date of the conversion, together with ten per cent. damages thereon."

To the giving of each of these instructions the appellant excepted, and assigned the same as reasons for a new trial.

By these instructions we think the question is fairly presented as to whether the facts above set out amount to a conversion to his own use of the ward's money by Nelson Purcell, the guardian.

In the case of *State, ex rel.,* v. *Sanders,* 62 Ind. 562, it was said by this court: " It is the duty of the guardian to loan, or otherwise invest, the money of his ward in his hands, in such a way as to keep it all the time at interest, as far as practicable, and to use due care in making such loans or investments ; he is not permitted to use such money for his own benefit, or to make any profit out of it for himself. * * The rule in that respect is very strict. Guardians, and all other trustees of the moneyed concerns of others, are answerable for any mismanagement or unauthorized dealings with the trust moneys in their hands, and any misapplication of such moneys is a conversion of them, within the meaning of the statute relating to guardians. * * It is their duty to preserve the identity as well as the existence of the funds under their control. If they destroy the fund, they render themselves responsible for it at once. If they pay away the money as their own, the trust is practically at an end. * * The investment of the money in his hands, by a guardian, in his own business, or in the business of others in which he has an interest, as a mere business investment, is a conversion of the money for which he is liable on his bond."

See, also, *Covey* v. *Neff*, 63 Ind. 391 ; *Lowry* v. *State, ex rel.*, 64 Ind. 421.

In this case, as we have seen, Barnetta Mattingly conveyed the land upon which the guardian held a mortgage to secure a debt due to the ward to the guardian, in consideration of his promise to pay the debt secured by the mortgage. As between Barnetta Mattingly and the guardian, the debt was satisfied. She placed in the hands of the guardian funds with which he agreed to satisfy the debt due to the ward. To all intents and purposes, he used the debt due to his ward to purchase land for his own benefit, taking the title to himself. In such case he is held in equity to have received the funds for the use of the party for whose benefit the contract was made, and is a trustee holding such funds for the use of the *cestui que trust.* *Miller* v. *Billingsly*, 41 Ind. 489 ; *Beals* v. *Beals*, 20 Ind. 163 ; *Cross* v. *Truesdale*, 28 Ind. 44 ; *Durham* v. *Bischof*, 47 Ind. 211.

It is true that, as to the ward, Hiram Purcell and Barnetta Mattingly were not discharged ; but they were liable as sureties only for the guardian.

The case then is this : The guardian purchased the land upon which he held a mortgage to secure money due to his ward, agreeing, as the purchase price, to pay the debt due to the ward. As between him and his vendor the purchase price is paid. The debt due to the ward represents that price. So far as the guardian is concerned the debt is paid. The guardian owes the debt to his ward. In what does the case differ from one where the guardian had collected the money and had then invested it in the land ? In either case he is indebted to his ward in the sum which represents the purchase-price of the land. We think it ought to be held that he has converted the debt due to his ward to his own use.

It is claimed that the ward might still enforce the mortgage against the land, and have it declared preferred to the

mortgage executed to the Ætna Life Insurance Company, and for that reason the ward has lost nothing.

Whether the mortgage in favor of the ward could be enforced as against the insurance company, depends upon whether that company had notice of the facts in the case. We do not think the ward should be compelled to litigate the question with that company. As the guardian has treated the debt due his ward as paid, and has entered the mortgage satisfied, neither he nor his surety should be heard to complain when required to answer to the ward for the debt thus admitted by the guardian to have been paid.

It is further claimed by the appellant that the court erred in its fifth instruction, in assuming that a person could convert land to his own use ; but it is evident from the instructions, taken as a whole, that the word " converted," as used in this instruction, was not used in its technical sense. It was used in the sense of " appropriate," and was doubtless so understood by the jury. We are of the opinion that the instructions given by the court stated the law correctly, and that the court did not err in giving them.

It is also claimed by the appellant that the court erred in the admission of evidence on the trial of the cause, but we find in the record no objection or exception to the admission of evidence.

It is also contended that the verdict and judgment are too large.

The reason assigned for a new trial was, that the damages assessed by the jury were excessive. This being an action on contract, the assignment as a cause for a new trial that the verdict is excessive, does not call in question the amount of such verdict. *McKinney* v. *State, ex rel.*, 117 Ind. 26 ; *Smith* v. *State, ex rel.*, 117 Ind. 167.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Oct. 15, 1889.