Cullen *et al. v.* Strauz.

---

No. 14,361.

## CULLEN ET AL. *v.* STRAUZ.

DRAINAGE.—*Ditch Assessments.*—*Delinquency.*—*Tax Sale.*—*Purchaser's Lien.* —A ditch tax, for which a certificate had been issued, was placed upon the tax duplicate, under section 4305, R. S. 1881, in August, 1883, at which time the State and county taxes against the land were delinquent.    In the December following the owners of the land paid the delinquent State and county taxes, but failed to pay the ditch tax; whereupon the land was advertised and sold for the ditch assessment.

*Held*, that the ditch tax, which was due immediately upon the issuance of the certificate, became delinquent upon the first Monday of November, 1883, and that the sale transferred to the purchaser the lien of the tax.

SAME.—*Damages.*—In such case the purchaser is entitled to a decree for the sale of the land to satisfy the lien, the amount of taxes subsequently paid, with the statutory interest and penalty.

From the Pulaski Circuit Court.

*N. L. Agnew* and *B. Borders,* for appellants.
*W. Spangler* and *H. A. Steis,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellants to quiet title to the land described in the complaint.

The cause was tried by the court, which found the facts specially, and stated its conclusions of law thereon.

It appears from the special finding that the appellant Margaret Cullen is the owner of the land described in the complaint. In the month of August, 1883, there became due from her a certain sum as a ditch assessment, for which a certificate was duly issued, and the amount due from her was placed upon the tax duplicate for collection as other taxes. At the time the ditch assessment was placed upon the duplicate, the State and county taxes against said land were delinquent. In the month of December, 1883, the appellants paid the State and county taxes, but failed to pay the ditch tax. The land was advertised and sold for the ditch assessment.

The circuit court stated as a conclusion of law upon the facts found that the sale and the deed made in pursuance thereof were not sufficient to convey title to the land, but that they were sufficient to convey to the purchaser the lien for such taxes. Thereupon the court proceeded to ascertain the amount due at the time of the sale, as well as the amount due for taxes subsequently paid, and entered a decree for the sale of the land in controversy for the payment thereof.

The appellants claim that at the time of the sale the ditch tax was not delinquent, and that, consequently, the sale was without authority of law, and was void, and did not transfer to the purchaser the lien for such tax.

Section 4305, R. S. 1881, found in the act providing for the construction of public ditches, provides that " It shall be the duty of the county surveyor, on being notified by any contractor that his job is completed, to inspect the same ; and

if he find that it is completed according to contract, he shall accept it, and give to the contractor a certificate of acceptance, stating that said job * * is completed according to the specifications of said ditch. And if any share or allotment has been sold to a person not the owner of the land assessed therefor, he shall, in addition, state the amount due the contractor for constructing the same from the owner of said land; which certificate shall be a lien upon the land assessed for such share or allotment, and shall be due and payable immediately by the owner of the land; and such certificate, if not paid on demand, shall draw interest until paid. * * * And when the county surveyor accepts it, and issues his certificate of acceptance, he shall file with the county auditor a copy thereof; whereupon said auditor shall charge the amount mentioned in said certificate on the tax duplicate against the land assessed with such allotment, to be collected as other taxes are collected, together with six per cent., for the holder of the certificate, after the same becomes delinquent; and when collected it shall be paid to the person holding the certificate, on an order of the auditor."

In the cases of *Storms* v. *Stevens*, 104 Ind. 46, *Lockwood* v. *Ferguson*, 105 Ind. 380, and *Brosemer* v. *Kelsey*, 106 Ind. 504, it was held that the mode of collection prescribed by this section was exclusive, and that no action could be maintained to recover the amount due for the cost of constructing a ditch, under the statute of which this section constitutes a part. In the latter case it was held that the provisions of section 6488, R. S. 1881, and Acts of 1883, p. 95, sections 2 and 3, were applicable in case of the sale of the land against which the assessment was made for the non-payment of such assessment. Section 6488, *supra*, provides that "If any conveyance for taxes shall prove to be invalid and ineffectual to convey title because the description is insufficient, or for any other cause than the first two enumerated in the preceding section, the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and

Cullen *et al. v.* Strauz.

assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest, and penalty legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest; and such lands shall be bound for the payment thereof."

It is contended by the appellants, however, that the assessment could never become delinquent until the provisions of section 6417, R. S. 1881, and the succeeding sections had been complied with, and that there could be no sale until a delinquency had occurred.

We are not inclined to adopt this view. It was not intended by the law-making power that a ditch assessment should pass through all the formalities incident to an ordinary tax before it could be enforced by a sale of the land against which it was assessed. This is perfectly plain by an examination of the statute providing for the construction of public ditches. Section 4305, *supra,* provides, as we have seen, that the certificate issued to the contractor by the surveyor shall be due and payable by the owner of the land immediately. The owner of the land has notice of all the proceedings during their pendency before the board of commissioners, and must know that the law requires him to pay the assessment against his land immediately upon the completion of the work; and he must know, also, that in the event he fails to pay, it will be placed upon the tax duplicate for collection by the county treasurer. This tax was placed upon the tax duplicate in the month of August, 1883, at which time the State and county taxes against the land were delinquent. In December of that year the appellants paid the delinquent State and county taxes. The ditch tax was due before it was placed upon the duplicate, and should have been paid, and we are of the opinion that upon a failure of the appellants to pay it on or before the first Monday of November, 1883, as required by the provision of section 6426, R. S. 1881, it became delinquent. Being delinquent, it was the duty of those charged with its collection to advertise and

sell the land against which it was charged, for its payment.

It is, finally, contended by the appellants that the court erred in the assessment of the damages, the same being too large.

The amount allowed by the court was the amount paid at the sale, and the amount of taxes subsequently paid, with the statutory interest and penalties. The appellee was entitled to recover this sum. *City of Logansport* v. *Case, ante,* p. 254.

The court did not err in its conclusions of law.

Judgment affirmed.

Filed June 18, 1890.