White v. McGrew.

No. 15,127.

## WHITE v. McGREW.

| 129 | 83 |
| 146 | 582 |

| 129 | 83 |
| 153 | 34 |
| 153 | 382 |

| 129 | 83 |
| 162 | 350 |

DRAINAGE.—*Ditch Assessment.—Delinquency.*—The assessment for the construction of a ditch, under sections 4285–4317, R. S. 1881, becomes due upon the acceptance of the work by the surveyor, and where the certificate of acceptance is filed with the auditor in August, the assessment becomes delinquent if not paid on or before the first Monday of November, and the land may be sold. *Cullen* v. *Strauz,* 124 Ind. 340, followed.

NEW TRIAL.—*Excessive Damages.*—The fourth cause for a new trial, viz., "Excessive damages," is proper only in cases of torts.

From the Huntington Circuit Court.

*H. B. Sayler, S. M. Sayler* and *J. M. Sayler,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

COFFEY, C. J.—Prior to the 29th day of August, 1883, a ditch was established and constructed over the land in controversy in this suit, under the provisions of sections 4285–4317, R. S. 1881. On the 29th day of August, 1883, the surveyor of the county accepted the work as completed, and issued to the contractor his certificate of acceptance, calling for the sum of two hundred and fifty dollars and twenty cents, which certificate the contractor filed with the auditor. The assessment being unpaid, the land was sold for the payment thereof on the 22d day of March, 1884, by the county treasurer, and the appellee became the purchaser, bidding therefor the sum of two hundred and eighty-nine dollars and ninety cents. The appellant failing to redeem the land from such sale, the auditor executed to the appellee a deed for the same on the 4th day of May, 1886. This suit was instituted in the Huntington Circuit Court, by the appellee, to quiet his title to the land; and, finding that the sale was insufficient to convey title, the court found that there was due the appellee the sum of five hundred and twenty-three dollars and eighty-nine cents, declared the same a specific lien on the land, and, over a motion for a new trial, rendered judgment on such finding.

It is contended by the appellant that the assessment against his land did not become delinquent until after the third Monday in April, 1884, had passed, and that a sale made for the payment of such assessment on the 4th day of March was void, and conveyed to the appellee no rights.

The question here presented was decided adversely to the contention of the appellant in the case of *Cullen* v. *Strauz,* 124 Ind. 340.

The court did not err in admitting in evidence the deed executed by the auditor to the appellee.

It is also contended by the appellant that the court erred in the assessment of the damages, such assessment being too large.

The reason assigned for a new trial, in the written motion, was that the damages assessed by the court were excessive.

It is objected by the appellee that, as this is not an action sounding in tort, this reason for a new trial does not apply, and that no question is presented for our consideration.

This objection seems to be well taken. *McCormick, etc., Co.* v. *Gray,* 114 Ind. 340; *Moore* v. *State, ex rel.,* 114 Ind. 414; *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Thomas* v. *Merry,* 113 Ind. 83; *Clark Civil Township* v. *Brookshire,* 114 Ind. 437; *McKinney* v. *State, ex rel.,* 117 Ind. 26; *Smith* v. *State, ex rel.,* 117 Ind. 167; *Hogshead* v. *State, ex rel.,* 120 Ind. 327.

The reason assigned for a new trial in this case is applicable to actions sounding in tort, and has no application in an action like the one before us.

There is no error in the record.

Judgment affirmed.

Filed Sept. 16, 1891.