## GILMORE *v.* STEFFEY.

[No. 18,876.   Filed. June 8, 1899.]

NEW TRIAL.—*Motions.*—*Action.*—An assignment in a motion for a new trial that the damages are excessive is only applicable to cases sounding in tort, and does not challenge the amount of recovery in an action arising out of contract.   *p. 34.*

APPEAL AND ERROR.—*Evidence.*—Where the verdict of the jury has received the approval of the trial court, the judgment will not be disturbed on appeal, merely upon the evidence, unless it affirmatively appears by the record that there is an absolute failure of evidence on some material point.   *pp. 34, 35.*

From the Knox Circuit Court.   *Affirmed.*

*W. H. DeWolf,* for appellant.

*W. A. Cullop* and *C. B. Kessinger,* for appellee.

JORDAN, C. J.—The parties to this action, it appears, entered into and formed a partnership as equal partners under the firm name of Gilmore & Steffey for the purpose of conducting a general business of farming, breeding, and feeding stock.   Appellant leased his farm to this firm for a stated period at the rental price stipulated in the lease.   Appellee instituted this action to obtain a dissolution of the partnership, and to secure an accounting between him and appellant as partners, and to recover the amount found to be due him. An answer and cross-complaint were filed by appellant.   By the latter he demanded that an accounting be had, and prayed judgment against the appellee for any amount that might be found due.   The issues, as joined between the parties, it seems, without objections, were submitted to a jury for trial, and upon the evidence the jury found in favor of appellee, and awarded, as the amount due him, the sum of $1,312.50.

Appellant moved for a new trial, and assigned his reasons therefor: (1) That the verdict was not sustained by sufficient evidence; (2) that it was contrary to both evidence and law; (3) that the damages assessed were excessive. Upon appellee entering a remittitur of $592.50, this motion was denied, and judgment was rendered for the remainder of the amount awarded by the jury.

The only error assigned relates to the overruling of the motion for a new trial, and the questions discussed by counsel for appellant pertain to the sufficiency of the evidence to support a finding in favor of appellee, and that the damages are excessive. An assignment, in a motion for a new trial, that the damages are excessive, will not be held to challenge the amount of recovery in an action like this, arising out of contract. Such an assignment, it has been repeatedly decided by this Court, is only applicable to cases sounding in tort. *Western, etc., Co.* v. *Studebaker Mfg. Co.*, 124 Ind. 176; *White* v. *McGrew*, 129 Ind. 83, and cases there cited. *Smith* v. *Barber, post,* 322. To have properly raised the question which counsel for appellant discuss in respect to the amount of the judgment, the assignment in the motion for a new trial ought to have been under the fifth statutory cause instead of the fourth. Elliott App. Proc. §856. For the reasons stated we are precluded from reviewing any alleged error in regard to the amount of the recovery.

Counsel for appellant urge with much earnestness that the judgment is not sustained by the evidence. We have examined and considered the evidence as it appears in the record, and, if we were to confine our consideration alone to that introduced by appellant, we would be justified, perhaps, in concurring in the view expressed by appellant's counsel in respect to its insufficiency to support the judgment. In the decision of this question, however, we are required to consider all of the evidence given in the cause, and its bearing relative to the issues in the case. It has been affirmed and reaffirmed by this Court, as a rule of appellate procedure,

that, where the verdict of a jury has received the approval of the trial court, its judgment will not be disturbed on appeal, merely upon the evidence, unless it affirmatively appears by the record that there is an absolute failure of evidence to support the judgment on some material point. While it may be said in the case at bar that there is a sharp conflict in the evidence, still there is evidence at least to support a recovery, under the issues, in favor of appellee, and the case falls fairly within the rule asserted and enforced by our decisions, and we would not be authorized in reversing the judgment upon the evidence.

It is not essential to extend this opinion, by considering in detail the reasons urged by appellant's learned counsel, to show that the evidence does not support the issues in favor of appellee. We have carefully considered all the points discussed by him, but cannot concur with his insistence that there is either a variance between the evidence and any of the material facts alleged in the complaint, or a total failure of the evidence, as insisted, to support the judgment. It is therefore affirmed.