IN RE GUARDIANSHIP OF BURL BRUBAKER.

No. 41010.

DECEMBER 16, 1931.

REHEARING DENIED APRIL 8, 1932.

414

T. J. Bray, for Burl Brubaker, appellee.

E. A. Schmidt, for Arda Brubaker McNulty, Guardian.

McCoy & McCoy, for Frank G. and Charles A. Randell, Administrators, appellants.

DE GRAFF, J.—Arda Brubaker McNulty was the duly appointed and legally qualified guardian of her minor son, Burl Brubaker. Thereafter, under the proper proceedings, she sold a tract of land belonging to her ward, and posted the necessary bond with sureties thereon, including one C. W. Randell. The guardian invested on March 2, 1920, $5000 of the proceeds of the sale in a first mortgage on 40 acres of Mahaska County, Iowa, land, conceded to be worth at least twice the amount of the mortgage. No complaint of this investment is made.

Subsequently, the guardian executed a release of the mortgage before the debt it secured became due. She received from the mortgagor $500, and thereupon executed a release of the mortgage, which release was duly recorded. What became of the mortgaged premises thereafter is not disclosed by the record, albeit the trial court found it was thereafter sold by the mortgagor. Suit was thereafter commenced by the guardian against the mortgagor on the note, and a personal judgment secured against the maker of the note. The judgment has never been satisfied and the judgment debtor has no property out of which it can be satisfied.

The guardian filed her final report, to which the ward, then

of legal age, filed objections in that the guardian had failed to account to him for the $5000 loan, except some interest and the $500 of principal received from the mortgagor, as heretofore recited, and asked judgment against the said guardian and the sureties on her bond. The surety Randell died prior to the filing by the guardian of her final report, and the administrators of his estate appear in this probate action to contest the right of the ward to recover from the guardian and her sureties the amount involved. From an order fixing the liability on the sureties they appeal.

It is the contention of the appellee (ward) that the guardian breached her bond by failing to account to the ward for the $5000 and by releasing of record the security for the payment of the note. The appellant sureties contend that when the guardian made the investment of $5000, the conditions of the bond were fulfilled so far as the liability of the sureties is concerned, and therefore are released from liability. The appellants' contention does not favorably impress this court.

The situation, therefore, resolves itself into a question as to whether or not the guardian, in contemplation of law, faithfully discharged her duty to her ward. There is no hard and fast rule upon which the breach of duty on the part of a guardian is made to depend. It must of necessity be determined upon the facts of the particular case. It would not only be exceedingly dangerous, but likewise opposed to every principle of fairness, for us to hold that a guardian may release of record the security for a debt due her ward before the debt secured thereby is paid. Such an act may not be claimed as a faithful performance of duty on the part of the guardian. This court, under the instant facts and in good conscience, cannot approve the final report of a guardian who confessedly has released the security belonging to her ward's estate and admits that she cannot account to her ward for more than a fractional portion thereof.

It is urged on behalf of the appellants that the release of record of the McEwen mortgage was not, in truth and in fact or law, a release of the mortgage, but was on the contrary a null and void act, and that thereby the estate of the ward lost nothing, but still has the right to pursue the land against which the mortgage stands. In this connection our attention is called by the appellants to Section 12773, Code, 1927, which reads:

"When such investment is made by order of any court, the security taken shall in no case be discharged, impaired, or transferred without an order of the court to that effect, entered on the minutes thereof."

What effect this statute may have upon the security if discharged, impaired, or transferred, we do not feel called upon to decide. Suffice it to say that it affirmatively appears from this record that the guardian disobeyed this plain provision of the statute, and such disregard of the statute must be held to constitute a breach of her duty as guardian. Even though it might be held that the release was of no validity, the guardian may not excuse her acts on such grounds and present to her ward upon attaining his majority a mass of litigation made more difficult of successful termination by her own derelictions of duty. Hogshead v. State ex rel., 22 N. E. 330 (Ind.)

It has frequently been said that a guardian is a trustee, responsible, as such, for the faithful performance of the duties imposed by his office, and is responsible to his ward for all the property, moneys, effects, and other things of value that belong to the ward and which came into his (guardian's) hands and under his control. It is the guardian's duty to give his personal care and attention to the management of his ward's estate, and he is bound to exercise therein such diligence and prudence as a reasonably prudent person ordinarily employs in the conduct of his own affairs. 28 C. J. Sec. 213, p. 1129. We conclude that the instant guardian fell far short of these requirements.

It is further contended by appellants that the court erred in the admission in evidence of the release of the McEwen mortgage. The record discloses that the objection to this written instrument was based upon the ground that the special bond on the sale of the real estate in question was not holden for the disposition of the proceeds of the sale of the land after the investment of the same was made, pursuant to the order of court. Our holding herein to the contrary disposes of this assignment of error. It is also claimed that the trial court erred in holding that the mortgage in question was in fact released. Regardless of the effect upon the security by the attempted release thereof, as heretofore indicated, the guardian breached her bond by her activities with respect thereto, and the question of its

legal effect cannot be considered under the issues presented here for determination. It is sufficient to state that under the view expressed herein by the court, the attempted release, the recording thereof, and the unwarranted interference with the record rights of the ward constituted a breach of the guardian's bond.

We therefore conclude that the trial court reached a correct conclusion upon the whole record, and the order and judgment entered is, therefore,—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, MORLING, and KINDIG, JJ., concur.