IN RE GUARDIANSHIP OF JAMES MOORE.

No. 44905.

736

DECEMBER 12, 1939.

Cook & Cook, for guardian, appellant.

Genung & Genung, for objectors, appellees.

MITCHELL, J.—On January 24, 1933, W. E. Fahnestock was duly appointed guardian of the person and property of James Moore by the district court of Mills county.

He qualified by filing bond in the amount required. An inventory of the personal property was filed, in which was included a promissory note of George C. Miller, dated March 2, 1932, in the amount of $1,072.44, and due March 1, 1935.

An application was filed by the guardian in which he called to the attention of the court that he had entered into, subject to the approval of the court, a contract with George C. Miller for the leasing of the real estate owned by his ward, and also providing for the compensation to be paid George C. Miller for board and care of James Moore, a copy of the contract was marked "Exhibit A" and attached to the application.

On the 9th of March, 1933, the court entered an order approving the leasing of the real estate and providing for the compensation payable to George C. Miller for the board and care of James Moore.

On February 21, 1934, W. E. Fahnestock as guardian filed

his first annual report in which appear numerous payments to George C. Miller for the care and board of James Moore.

On March 2, 1934, the guardian filed his final report, objections to which was made by Paul Phillips, administrator of the estate of James Moore.

The material part of the objections are as follows. We quote:

"Said objectors further object to said report and to that portion wherein the said Fahnestock (Guardian) has paid to one Miller large sums of money when the said Miller was indebted to the estate, upon a promissory note which said note was in the possession of the said Guardian, and the said Guard· ian should have charged the said Miller with said sums and credited them upon the note in place of paying the said Miller in cash."

There was a hearing at which evidence was offered, and the lower court entered an order sustaining the objections and ordering the Guardian to pay over to the James Moore Estate the sum of $537. W. E. Fahnestock, the guardian, has ·appealed.

This court in the case of In re Brubaker, 214 Iowa 413, 416, 239 N. W. 536, said:

"It has frequently been said that a guardian is a trustee, responsible, as such, for the faithful performance of the duties imposed by his office, and is responsible to his ward for all the property, moneys, effects and other things of value that belong to the ward and which came into his (guardian's) hands and under his control. It is the guardian's duty to give his personal care to the management of his ward's estate, and he is bound to exercise therein such diligence and prudence as a reasonably prudent person ordinarily employs in the conduct of his own affairs. * * * We conclude that the instant guardian fell far short of these requirements."

With the rule of law laid down in the above entitled case in mind let us look at the record before us.

At the time that appellant was appointed guardian, James Moore was a man 95 years of age. It was the duty of the guardian to see that he was properly taken care of. His estate consisted of 240 acres of land and considerable personal property, including the Miller note. The logical and no doubt

the best place for this old gentleman was his own farm. The lease to Miller is not complained of, nor is there one word of evidence that the amounts paid for the board and keep of James Moore were excessive. The only objection is that the amount paid to Miller should have been applied on the note owing by Miller to James Moore. This note was executed prior to the appointment of the guardian. It was not due until after the guardian had filed his final report. The interest was paid in full, and in addition a small amount on the principal. The guardian presented the matter to the court, and an order approving the compensation to be paid Miller was entered. The guardian testified he relied upon the order of court, and that his agreement with Miller was that he was to pay him in cash. Although appellee argues that Miller, the maker of the note was financially unable to pay same, the only evidence in the record is the testimony of the objector, we quote:

"The maker of this note has had no property since I knew him."

It was the duty of the guardian to see that his ward, a man of 95 years of age was properly taken care of. No one complains of the care that was given him or of the amount paid for his care. The George Miller note was not due, the interest at all times was paid, and in addition a small amount on the principal. In view of such a record, it seems to us that the guardian acted as a reasonably prudent person would in the conduct of his business. It necessarily follows that the lower court was wrong, and its judgment must be and it is reversed. —Reversed.

OLIVER, C. J., and HAMILTON, SAGER, MILLER, HALE, BLISS, and STIGER, JJ., concur.