BYERLY, D/B/A BYERLY CONSTRUCTION COMPANY
*v.* EDINGTON.

[No. 19,027. Filed June 11, 1959.]

584

*Bangs & Yates* and *C. W. H. Bangs*, of Huntington, for appellant.

*Gallivan & Hamilton* and *William K. Hamilton*, of Bluffton, for appellee.

BIERLY, J.—Appellee alleged in his complaint that at the special instance and request of the appellant, the appellee furnished material and labor necessary for the wiring of a dwelling under construction for one Cecil Sible in Fort Wayne, Indiana, by the appellant as contractor. That the reasonable value of the

materials and labor furnished and unpaid is $304.26; that the appellant refuses to pay its said debt to appellee, although the same is past due, and he asks judgment for said sum and his costs.

The court found for the appellee on his complaint, and awarded him judgment in the sum of $304.26 and costs. By this appeal the appellant challenges said finding and decision and asserts that it is (1) unsupported by sufficient evidence; (2) contrary to law; and (3) that the damages assessed by the court are excessive in amount. This third specification presents no question as this was an action *ex contractu* and said specification is proper only in actions *ex delicto*. *Gilmore* v. *Steffey* (1899), 153 Ind. 33, 53 N. E. 1017.

Of the above specifications, the first and second require an examination of the evidence most favorable to the decision. A summary of such evidence is as follows:

Appellee, George F. Edington, has been in the electrical contracting business in and about Fort Wayne, Indiana, for some years and holds a certificate as a duly licensed electrical contractor issued by Fort Wayne. On a certain day of late summer of 1954, appellee returned to his home in the evening and found a telephone call from someone concerning the wiring of a house. Appellee placed a call in answer to the telephone inquiry, and arrangements were made for him to view a house to be wired. As a result of said arrangements appellee did view the house, which was then owned by one Cecil Sible of Fort Wayne. At the time appellee viewed the house said Sible was present. They looked the house over and Mr. Sible marked the outlets and circuits he wanted installed, but at that time there was no discussion of price. Shortly there-

after, the appellant, Dale Byerly, a building contractor doing business under the firm name of Byerly Construction Company, stopped at appellee's house and appellee gave him the figures and price on wiring the house. Appellant examined the estimate of work and cost submitted by appellee and informed the latter to "go ahead and wire it".

Thereafter appellee went to Mr. Sible's house, wired said house and installed the electrical outlets and furnished the materials and electrical parts in connection therewith. Appellee thereafter billed the Byerly Construction Company in the total sum of $604.26, on which amount a check for $300.00 was made out by the appellant, as Byerly Construction Company, and given to appellee, leaving an unpaid balance in the sum of $304.26. Appellee thereafter made several unsuccessful demands to collect said amount from appellant, Dale Byerly, d/b/a Byerly Construction Company. The evidence is undisputed that at one time Cecil Sible paid appellant $7,000.00 which appellant was to distribute to sub-contractors, and that the $300.00 paid appellee as heretofore stated was a part of said $7,000.00.

The evidence above summarized favorable to appellee and to the decision of the trial court was sufficient, we think, to warrant the court in finding that the materials and labor for which this appellee brought his action were furnished by him at the special instance and request of the appellant. It seems clear from the evidence that appellant, as general contractor for the construction of said building, authorized and directed appellee to wire the said house in accordance with the statement of work and costs as submitted by appellee. There appears no evidence that the work performed by appellee, and the ma-

terials furnished by him were not satisfactory. In legal effect, the evidence establishes, we think, that appellant accepted an offer by appellee, thus constituting a contract which the latter has fully performed but which the former has only partially performed by the payment of $300.00 thereon.

The submission of the estimate for wiring to the appellant, as general contractor, by the appellee, with the resultant direction by the appellant to appellee "to go ahead and wire it", coupled with full performance by appellee and the payment by appellant to appellee of only the sum of $300.00, was in our opinion sufficient evidence of probative value to sustain the finding of the trial court.

Appellant contends that "the decision of the court is contrary to law for the reason that the evidence is without conflict and there can be no liability upon the defendant (appellant) to the plaintiff (appellee)." However, the record clearly discloses a conflict in the evidence and the permissible inference therefrom. The Appellate Court will not weigh conflicting evidence. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474.

Testimony was admitted concerning the posting of a "no lien contract" sign on the premises on which the house was under construction. Appellee testified that such a sign was posted and in evidence during the time he wired the house. Appellant testified to the effect that such a sign had not been posted and was not evident at the time the house was wired. While we fail to appreciate the influence of such evidence on the issue involved, yet in any event, the evidence thereon was in conflict and such weight as it may have had was for the trial court.

We are of the opinion that appellant has not demonstrated of record that the trial court committed any reversible error. Further, we think there was suffiicient evidence to sustain the decision of the trial court and that it was not contrary to law.

Judgment affirmed.

Gonas, C. J., Kelley and Smith, JJ., concur.

NOTE—Reported in 159 N. E. 2d 305.