## MARINER v. HANNA.

Section 59 of the Justices' Act, which provides that no appeal shall lie from a judgment by confession, has reference only to such judgments as are confessed in accordance with the provisions of that section, and does not include judgments rendered under § 48, "as confessed," for a failure of the defendant to appear and testify.

APPEAL from the *Wabash* Circuit Court.

WORDEN, J.—*Hanna* sued *Mariner* before a justice of the peace, on an account. The defendant appeared before the justice, by counsel, and filed a set-off.

A day being fixed for trial by the justice, the plaintiff caused *Mariner* to be personally served with a subpoena to appear on the trial and testify as a witness. On the cause being called for trial, by the justice, the defendant failed to appear in accordance with the subpoena, and thereupon, on motion of the plaintiff, the defendant's set-off was disallowed, (the defendant's counsel withdrawing the same,) the plaintiff's cause of action taken as confessed, and judgment rendered accordingly.

The defendant appealed to the Circuit Court, where the appeal was dismissed, on the motion of the plaintiff below, on the ground that no appeal could be taken in such case. To this ruling the defendant excepted, and appeals to this Court.

Section 48 of the Justices' Act (2 R. S., 1852, p. 459) provides, that "if the defendant refuse to appear, on being personally subpenaed, or, being present, refuse to swear, the plaintiff's demand shall be taken as confessed; no set-off allowed, and judgment entered accordingly." Section 59, p. 461, provides that "judgments may be rendered by confession, and no appeal shall lie therefrom; but the same may be collaterally impeached, for fraud, by creditors of the judgment debtor, and such judgment shall be void, as to such creditors, unless at the time of the rendition thereof the defendant makes affidavit that he justly owes the debt."

We are of opinion that the provision in § 59, that no appeal shall lie from a judgment by confession, has reference only to such judgments as are confessed in accordance with the provisions of that section; that it has no reference to cases contemplated by § 48. The terms in § 48, "the plaintiff's demand shall be taken as confessed," should be construed to mean, merely, that the plaintiff's demand should be taken as admitted, and no proof thereof be required. If judgments rendered under the provisions of this section are to be regarded as judgments "by confession," they are open to collateral impeachment; and are void as to creditors of the judgment debtor, in the absence of the affidavit provided for in § 59. This was evidently not the intention of the Legislature, as gathered from the enactments in question.

We are of opinion that the appeal was authorized, and hence that the Court erred in dismissing it.

*Per Curiam.*—The judgment is reversed, with costs, and cause remanded.

*Orris Blake* and *L. H. Goodwin*, for the appellant.