### JOHN R. WEEKS, RESPONDENT, v. IRA A. KIP, JR., APPELLANT.

Argued June 12, 1899—Decided November 13, 1899.

At an election for village trustee four of the ballots counted for Ira A. Kip, Jr., read respectively, "Ira A. Kipp," "I. Kip, Jr.," "Ira A. Kip," "Kipp"—*Held,* that these ballots were illegally counted for Ira A. Kip, Jr.; also that the Circuit Court, upon a recount of the ballots, was right in refusing to admit proof that no other person by the name of Kip was a candidate at the election or resided within the voting district.

---

Appeal from the determination of the Essex Circuit Court (Childs, J.) in an election contest.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the respondent, *Riker & Riker.*

For the appellant, *Wall & Green.*

The opinion of the court was delivered by

GARRISON, J.   At an election for village trustee four of the ballots counted for Ira A. Kip, Jr., read respectively, "Ira A. Kipp," "I. Kip, Jr.," "Ira A. Kip," "Kipp." As the result of this count the board of election certified that Ira A. Kip, Jr., had received four hundred and ten votes, and that John R. Weeks had received four hundred and nine votes.   Ira A. Kip, Jr., thereupon became the incumbent of the office.

Weeks then filed his petition, setting out the above facts and claiming that the above-mentioned ballots should not have been counted for the incumbent.   The incumbent, on the other hand, contended that these four ballots were intended for him, and, in aid of which contention, he offered some extraneous evidence.   His precise offer was " to prove that no other person by the name of Kip was a candidate at the election complained of, and that no person named Kip other than said Kip was resident within the voting district."

This evidence the Circuit Court refused to receive, which refusal is one of the alleged errors of law brought up by this appeal.   Had this evidence been deemed admissible a stipulation between the parties would have established the fact that the Ira A. Kip, Jr., was the only eligible Kip.

The Circuit Court was right in refusing to receive the proffered testimony.   The proceeding before it, under section 163 of the Election law (*Rev.*, *p.* 1898 ; *Pamph. L.* 1898, *p.* 237), was in effect a recount.   The purpose and nature of such a proceeding have been declared by this court to be similar to the power exercised by the judges of election and the county canvassers.   "It may in fact," said Chief Justice Beasley, "be said to be a supplement to such machinery." *Conger* v. *Convery*, 23 *Vroom* 417.   Hence the question that arose upon the disputed ballots was not, as it might have been under the old law upon *quo warranto*, for whom were the votes intended, but for whom, under the new law, were they actually voted.   That is a question to be determined by inspecting the ballots in the light of the requirements of the

act concerning elections.  Section 85 of the Election law of 1898, page 281, treats of the official ballot and prescribes that any voter may erase any name thereon printed and write thereon " the name or names of any person for whom he may desire to vote for any office."  It is further provided that no ballot shall be counted .if there shall be on the face or back any mark, sign, designation or device whereby such ballot can or may be identified or distinguished from any other ballot used at such election."

Taking these two statutory prescriptions, it is not possible to justify the reception of any one of the four ballots that were counted for the incumbent and are now disputed ; all of them do violence to the second requirement while failing to comply with the first.  They did not have upon them the name of the person for whom they were counted, and they did have upon them a designation by which they both could and might have been identified and distinguished from the other ballots used at that election.

The Circuit Court is sustained both in its ruling and in its construction of the Election law.

The verification of the petition, viz., that said petitioners were " qualified voters," is sufficient upon the authority of *Smith* v. *Smith,* 41 *Atl. Rep.* 753.

The judgment of the Circuit Court is affirmed.