Dewey, J.
Aldrich, supervisor of a certain road district in the county of Warren, sued Hawkins and Parker in debt in the Circuit Court. The declaration alleges, that the defendants unnecessarily obstructed a certain public highway; for which the plaintiff, as supervisor, prosecuted them before a justice of the peace, and caused them to be convicted and fined; and that ever since the conviction to the time of bringing this suit, and for the space of one hundred and twenty days, they had suffered the obstruction to remain to the hinderance of travelers; whereby they had forfeited $1.00 for each day during which such obstruction was permitted to continue, amounting in all to $120. The defendants moved the Court to dismiss the action. The motion was granted and the cause dismissed. The plaintiff prosecutes this writ of error.
The question here raised is one which goes to, the jurisdiction of the Circuit Court over the subject-matter of the declaration.
*133 By a statute passed in 1824, and continued in force through the several revisions of our laws, it is enacted that if any person, who roay have been fined by a justice of the peace for unnecessarily obstructing a road, shall suffer such obstruction to remain, he shall forfeit $1.00 for each day of its continuance, to be recovered by the proper supervisor of roads in an action before a justice of the peace. Stat., 1824, p. 364; Rev. Stat., 1838, p. 498.
It is contended by the plaintiff in error, that the Circuit Court, by virtue of its general jurisdiction, can entertain _ an original suit founded on this statute, the statute itself containing no restraining clause.
It is in general true, that a superior court of general powers can not be divested of any portion of its jurisdiction *but by the express words or necessary implication of a-statute. Cates v. Knight, 3 T. R., 442; Shipman v. Henbest, 4 Ib., 109. But the case before us does not come within this rule. The Circuit Court never had original jurisdiction over the forfeiture incurred by the statute. The act created a new offense or cause of action, and designated a particular tribunal which should take cognizance of it. In such instances, the provisions of a statute must be strictly followed; and no Court, other than that on which the new jurisdiction is conferred, can enforce the law.
It has been argued, that this view of the subject will defeat the ends of justice, because the aggregate of the penalties for which this suit is brought exceeding in amount the jurisdiction of a justice of the peace, if the supervisor can not sue in the Circuit Court, no suit at all will lie, and thus the law will have •been violated with impunity.
If such were the consequence of suffering the daily penalties incurred by a violation of the statute to accumulate as in this case, the evil should be attributed-to the neglect of the supervisor to bring suit before the proper tribunal in due season, and not to the construction which we have given to the statute. But there is another answer to this argument. A penalty of $1.00 for every day during the continuance of the obstruction *134 of the highway is incurred. _ We do not perceive the difficulty of portioning the penalties in several suits so as to give the justice jurisdiction in each, although all the penalties amount to a sum over which he has no cognizance.
W. M. Jenners and B. A. Chandler, for the plaintiff.
Z. Baird, for the defendants.
We think the Circuit Court had not original jurisdiction in the case, and that the action was correctly dismissed.
Per Curiam.—The judgment is affirmed with costs.