May Term, 1856.

MARTIN v. WEST.

---

MARTIN v. WEST.

The right of action of a wife, under the liquor act of 1853, for an injury consequent upon the retailing of spirituous liquor to her husband, is limited to a suit on the bond of the retailer.

APPEAL from the *Franklin* Court of Common Pleas. DAVISON, J.—This suit orignated before a justice of the

Monday, June 16.

peace, and from his judgment there was an appeal to the Common Pleas. *Harriet West* was the plaintiff below, and *Benjamin Martin* the defendant. The complaint charges that *Martin*, on the 8th of *September*, 1853, was duly licensed to sell spirituous liquors by retail, and from that date thenceforward, did sell and give spirituous liquors to one *Alexander West*, the husband of the said *Harriet*, whereby he has been in a continual state of intoxication, thereby detaining him from his labor, and causing him to spend the money necessary for the support of the said *Harriet* and her family, and depriving her of all sustenance; wherefore she claims damages, &c.

The defendant moved to dismiss the suit; but his motion was overruled. The cause was thereupon submitted to the Court, who found for the plaintiff. New trial refused and judgment.

The plaintiff claims a right of action under section 10 of an act approved *March* 4, 1853, entitled " An act to regulate the retailing of spirituous liquors," &c. And the only question in the case relates to the sufficiency of the complaint. By the first section of the act to which we have referred, it is provided that no person shall retail spirituous liquors, except, &c., without filing with the auditor, &c., his bond, with at least four freehold sureties, in the penal sum of not less than 500 dollars, nor more than 2,000 dollars, conditioned for the keeping of an orderly house, and for the payment of all fines, penalties and damages that may be incurred under the provisions of the act. The 10th section is as follows: " Any wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person and his sureties on the bond aforesaid, who shall, by retailing spirituous liquor, have caused the intoxication of such person, for all damages sustained and for exemplary damages." These being the only provisions of the act which relate to the point under consideration, it will at once be seen that the complaint

is defective. The rule is settled, that "where a statute makes that unlawful which was lawful before, and appoints a specific remedy, that remedy must be pursued and no other." 1 Blackf. 39.—*Id.* 405.—1 Mann (Mich.) R. 193.— *Smith's* Comm. 780. By the above section 10, a new right of action is introduced, one that did not exist at common law. The statute points out the rule of proceeding, namely, by suit on the bond. It follows that the plaintiff having failed to adopt the remedy thus prescribed, is not entitled to recover.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the appellant.