Storms v. Stevens.

Filed Nov. 24, 1885.

---

## No. 12,201.

## STORMS v. STEVENS.

STATUTORY RIGHT.—*Mode of Enforcing.*—Where a statute creates a new right, and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all others.

DRAINAGE.—*Collection of Ditch Assessment.*—*Tax Duplicate.*—*Interest after Demand.*—When the county surveyor accepts work on a ditch, whether of shares allotted to residents or non-residents of the county, and issues his certificates of acceptance, he must file copies thereof with the county auditor, and the auditor must charge the amount mentioned in the certificates on the tax duplicate, to be collected as taxes are collected; and the holders of such certificates will be entitled to six per cent. interest thereon from demand until paid, or, if no demand has been made and

the amounts thereof have been placed on the tax duplicate, from delinquency.

SAME.—*Action at Law.*—In such case, the amount of a certificate can not be collected, nor can the lien created by the certificate be enforced, by an action at law.

RULE OF CONSTRUCTION.—*Statutes.*—In construing statutes, the prime object is to ascertain and carry out the purpose and intent of the Legislature, and, in so doing, the words of a statute will be given their literal and ordinary signification; but if such a construction renders the meaning of a whole statute doubtful, or leads to contradictions or absurd results, the whole statute must be looked to, and the intent, as collected therefrom, will prevail over the literal import of terms and detached clauses and phrases.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellant.

*J. B. Kenner, J. I. Dille, W. G. Sayre* and *J. T. Hutchens,* for appellee.

ZOLLARS, J.—A ditch was constructed by order of the board of county commissioners, under R. S. 1881, section 4285, *et seq.* The auditor sold the shares or allotments of work as provided by section 4303. Appellant bought the share allotted to appellee, and received from the county surveyor the certificate as provided by section 4305. He brought this action in the court below to enforce against appellee's land the lien created by sections 4317 and 4305. He contends that this kind of an action may be maintained. Appellee contends that it can not; that the statutory mode of collection is, by placing the amount upon the tax duplicate, to be collected as other taxes are collected, and that this mode is exclusive of all others. If the statute does provide a mode of collection, that is exclusive, and must be pursued. The statute clearly creates a new right. Where a statute creates a new right and prescribes a mode of enforcing it, that mode must be pursued to the exclusion of all other remedies. Such has been the settled law in this State for more than sixty years, and such is the law elsewhere. *Lang* v. *Scott,* 1

Blackf. 405; *Butler* v. *State,* 6 Ind. 165; *Martin* v. *West,* 7 Ind. 657; *McCormack* v. *Terre Haute, etc., R. R. Co.,* 9 Ind. 283; *Toney* v. *Johnson,* 26 Ind. 382; 1 Wait's Actions and Defences, p. 42.

The enunciation of this rule of law does not dispose of the case before us. The question yet remains as to whether or not the statute prescribes a mode of collecting the amount of the certificate held by appellant. The solution of that question depends upon the proper construction to be placed upon section 4305 of the act. That section is as follows:

"It shall be the duty of the county surveyor, on being notified by any contractor that his job is completed, to inspect the same; and if he find that it is completed according to contract, he shall accept it, and give to the contractor a certificate of acceptance, stating that said job, share, or allotment is completed according to the specifications of said ditch. And if any share or allotment has been sold to a person not the owner of the land assessed therefor, he shall, in addition, state the amount due the contractor for constructing the same from the owner of the said land; which certificate shall be a lien upon the land assessed for such share or allotment, and shall be due and payable immediately by the owner of the land; and such certificate, if not paid on demand, shall draw interest until paid. And if the allotment sold belongs to a non-resident of the county, the auditor shall state such fact when he offers it for sale. And when the county surveyor accepts it, and issues his certificate of acceptance, he shall file with the county auditor a copy thereof; whereupon said auditor shall charge the amount mentioned in said certificate on the tax duplicate against the land assessed with such allotment, to be collected as other taxes are collected, together with six per cent. for the holder of the certificate after the same becomes delinquent; and when collected, it shall be paid to the person holding the certificate, on an order of the auditor."

The contention of appellant's counsel is, that the above sec-

tion provides no mode of collecting the amount of the certifi-
cate given for the work of the shares allotted to residents
of the county, and that hence the lien may be enforced in the
manner here attempted. This contention is based upon the
language of the section, preceding the mention of the allot-
ment to non-residents of the county, and, particularly, upon
that portion which provides that the certificate shall be due
and payable immediately, and shall draw interest after de-
mand. It is also argued, that the subsequent portion of the
section has reference only to the collection of certificates
given for the work of shares allotted to non-residents of the
county. Their position, therefore, is, that the certificates
given for the work of shares allotted to residents of the
county, must be collected by suit, and that the certificate
given for the work allotted to non-residents of the county
must be collected as taxes are collected. The awkward man-
ner in which the pronoun " it " is used in the latter part of
the section of the statute, is calculated, at first blush, to con-
fuse, but the manner of its use is not such as to warrant the
conclusion that only copies of certificates given for the work of
shares allotted to non-residents of the county, are to be filed
with the county auditor by the county surveyor. The sec-
tion must be considered as a whole, in order to ascertain the
intention of the Legislature in its enactment.

It is made the duty of the county surveyor to inspect the
work, and if he finds it properly completed, to accept it. He
does not accept the allotment. With that he has nothing to
do; and hence the provision in the latter part of the section,
" and when the county surveyor accepts it, and issues his cer-
tificate of acceptance, he shall file with the county auditor a
copy thereof," does not refer to the allotment to non-resi-
dents of the county, but has reference to the acceptance of
the work as provided in the first part of the section, includ-
ing the work of shares alloted to residents and to non-residents
of the county alike.

When the county surveyor accepts work, whether that work be of shares alloted to residents or to non-residents of the county, and issues his certificates of acceptance, he must file copies thereof with the county auditor, and the auditor must charge the amount mentioned in the certificates on the tax duplicate, to be collected as taxes are collected.

The phrase " due and payable immediately," in the connection in which it is used in the statute, is not the same as " due and legally enforceable immediately," as argued by counsel. In the first place, such would not be the usual and ordinary meaning of the words " due and payable." In the second place, such a construction would not make sense. The whole phrase is " due and payable immediately by the owner of the land." It would hardly do to make the statute read, " due and legally enforceable immediately by the owner of the land." The burden is upon the land. The owner of the land is, in a sense, the debtor of the holder of the certificate. Appellant's construction would make the section of the statute so read as to confer upon the debtor, and not upon the creditor, the right to enforce the lien and debt by suit. This would clearly be a *reductio ad absurdum*, which is to be avoided both in logic and in the construction of statutes and Constitutions.

In the construction of statutes, the prime object is to ascertain and carry out the purpose and intent of the Legislature. To do this, the words used in the statute should be first considered in their literal and ordinary signification. But if by giving them such a signification the meaning of the whole statute is rendered doubtful, or is made to lead to contradictions or absurd results, the whole statute must be looked to, and the intent as collected therefrom must prevail over the literal import of terms and detached clauses and phrases. *Mayor, etc., v. Weems*, 5 Ind. 547; *Smith v. Moore*, 90 Ind. 294, 305, and cases there cited.

As will be observed, it is provided in the above section of the statute, that the certificates issued by the county surveyor

shall draw interest after demand until paid; and, further, that when the amount thereof shall have been placed upon the tax duplicate, it shall be collected as taxes are collected, together with six per cent. after the same shall have become delinquent. Appellant's counsel base an argument upon these apparently different provisions as to interest, and contend that they indicate an intention on the part of the Legislature that only the amounts of the certificates issued for work allotted to non-residents of the county are to be placed upon the tax duplicate.

While the canons of construction require that every word, phrase and clause of a statute shall be given effect, if possible, they also require that the entire statute, and every part thereof, must be construed together, so as to make a harmonious whole. Properly interpreted, in connection with the whole section in which they are found, the above provisions in relation to interest must mean, and can only mean, that after demand the certificates, whether issued for work allotted to residents or to non-residents of the county, shall draw interest. If for any reason no demand shall have been made, they do not draw interest until after the amounts thereof shall have been placed upon the tax duplicate, and shall have become delinquent. The interest, which begins with the demand, is carried up to the time of the delinquency, and thereafter is merged in the interest resulting from such delinquency.

The section further provides, as will be observed, that if the allotment belongs to a non-resident of the county, the auditor shall state such fact when he offers it for sale. This provision could not have been incorporated in consideration of the fact that an action to enforce the lien could not be maintained against a non-resident of the county as well as against a resident, because such would not be the case. The certificates are liens upon the land, and if enforceable by action at all, they could be enforced by an action in the county where the land is situated, by getting service upon the owner in the county of his residence.

The policy of the law is to have the shares or allotments worked for the lowest possible amount. It was evidently thought by the Legislature, that many of the land-owners would pay 'upon demand, and thus enable the contractor to receive his money without the vexatious delay attendant upon a collection through the county auditor. A demand upon a resident of the county can be made in less time, and with less trouble and expense, than upon a non-resident of the county. It may be, too, that a resident of the county would be more likely to pay promptly upon such a demand. These considerations might well influence the bidders for the work, and induce them to bid less for work allotted to a resident of the county than to a non-resident. It is for these reasons, we think, that the auditor is required to state that the share of work offered for sale is an allotment to a non-resident of the county, when such is the fact.

Other arguments are urged in behalf of appellant, but we think it would not be profitable to extend this opinion to notice them in detail. Looking to the whole statute, we are convinced that the Legislature did not intend to, and have not provided two different and distinct modes of collecting the amounts of the certificates, and that the one mode provided is by the auditor placing the amounts upon the tax duplicate, and collecting them as taxes are collected. The right is one created by the statute. The statute provides a remedy, and that remedy is exclusive of all others. Appellant can not, therefore, maintain this action, and hence the court below properly sustained the demurrer to the complaint.

The judgment is affirmed, with costs.

Filed Nov. 23, 1885.