## WILLIAMS v. BELL.

[No. 22,789. Filed December 30, 1915.]

1. ELECTIONS.—*Contest.*—*Appeal from Board of Commissioners.*— *Proceedings in Circuit Court.*—*Trial De Novo.*—Where one contesting an election to the office of prosecuting attorney had been denied a continuance of the proceeding before the board of county commissioners, which he had applied for on the ground that the ballots were then in the custody of the circuit court and, therefore, not available for his use as evidence, and on such denial of continu-

ance proceeded to trial, introducing in evidence as a part of his cause the returns as previously certified by the canvassing board, the fact of his having introduced such evidence afforded no ground for the dismissal of his subsequent appeal from the finding and judgment of the board, since the statutory provisions for such contest expressly authorize an appeal to the circuit court where the cause is to be docketed as an original action and is to be tried *de novo*, and the record disclosed no element of estoppel in his conduct before the board.  p. 160.

2.   ELECTIONS.—*Contest.—Recount Commissioners.—Appointment.— Admissibility of Returns.*—Where the circuit court appointed three commissioners to recount the ballots, two of whom where of the political party to which the contestor belonged, while the third was at least nominally of that party, though he had voted for candidates belonging to contestee's party, the appointment neither complied with the letter nor the spirit of the statute providing for the appointment of recount commissioners, and, though the certificate of the result of a recount made by a properly constituted commission is admissible in evidence at the trial of the contest, the court erred in admitting in evidence the certificate of such commissioners over the objection of the contestee.  p. 162.

3.   ELECTIONS.—*Contest.—Certificate of Recount.—Admissibility in Evidence.—Effect.*—Though the certificate of election issued by the board of election commissioners acting as a canvassing board pursuant to §6960 Burns 1914, Acts 1905 p. 189, is *prima facie* evidence of the title to the office of the one to whom issued, the certificate of recount made pursuant to §§6990-6994 Burns 1914, §§4738-4742 R. S. 1881, is available as evidence of the facts therein recited upon the trial of any contest between the opposing candidates, and if the result of the recount as thus shown is contrary to that shown by the certificate of the canvassing board it overthrows the latter and becomes *prima facie* evidence of the contestor's title, subject, of course, to be overcome by the ultimate evidence of properly preserved and authentic ballots.  p. 163.

4.   ELECTIONS.—*Recount of Ballots.—Nature of Proceeding.—Appointment of Commissioners.*—The recounting of ballots is not different in character or purpose from that of the original count, and is neither a judicial proceeding nor a final adjudication of the title to office, but it is a special statutory proceeding in the nature of a discovery of evidence to be used in a judicial trial of the title to office, and the provisions of the statute for the appointment of the recount commissioners, in the event of application for a recount, is mandatory with respect to the duty to appoint, as well as to the number and qualifications of the appointees, so that the making of such appointment involves the exercise of a purely ministerial function.  p. 165.

5.   ELECTIONS.—*Contest.—Admission of Certificate of Recount.*— Whether or not the certificate of a recount offered in evidence is the

report of a commission such as the statute authorized, is for the trial court to determine by preliminary inquiry upon objection being made. p. 167.

6. ELECTIONS.—Contest.—Erroneous Admission of Evidence.—Effect.—In an election contest the error in admitting in evidence the certificate of recount made by an improperly constituted recount commission was prejudicial, since it made a prima facie case for contestor and required contestee to go forward with such other evidence as might be available to him, a burden which otherwise would have rested on contestor. p. 167.

From Grant ˙Circuit Court; *Joseph M. Rabb*, Special Judge.

Proceeding by David M. Bell against Wilber E. Williams to contest an election for the office of prosecuting attorney. From a judgment for contestor, the contestee appeals. *Reversed*.

*John A. Kersey, Meade S. Hays* and *Wilson D. Lett*, for appellant.

*Henry E. Roberts, James P. Sheehan* and *Condo & Browne*, for appellee.

Cox, J.—At the general election in 1914, appellant and appellee were rival candidates for the office of prosecuting attorney for the 48th judicial circuit which Grant County constituted. Such election in Grant County was by paper ballots and not by voting machines. On the face of the returns certified to and canvassed by the county board of election commissioners, which constituted the county board of canvassers, appellant received a plurality over appellee of nine votes and he was by the board declared duly elected to the office which also issued to him the certificate to that effect contemplated by the statute. §6960 Burns 1914, Acts 1905 p. 189. On November 12, 1914, and within ten days after the declaration of the result by the canvassing board, appellee filed with the county auditor of Grant County for trial before

the board of county commissioners his verified statement of contest of the election of appellant which included specifications of the first statutory ground of contest for each of the precincts of the county. §§7008, 7010 et seq. Burns 1914, §§4756, 4758 R. S. 1881. After an appearance by appellant and an answer of general denial, appellee, on December 2, 1914, by motion in writing, asked a continuance of the trial of the contest before the board to a time not later than December 21, 1914, on the ground that a recount of the ballots cast for candidates for the office by commissioners appointed by the circuit court in a proceeding theretofore instituted by appellee was then proceeding and unfinished (§6990 et seq. Burns 1914, §4738 R. S. 1881); and that such ballots, necessary evidence in his behalf, were not available for use in the trial of the contest until released from the custody of the circuit court and such recount commissioners. This motion was overruled and on the day next following the record shows that the contest was tried by the board of commissioners on evidence presented by contestor and contestee and taken under advisement. The record then shows that on December 10, 1914, the board found for appellant that he had received the highest number of the legal votes cast and was duly elected and it was so adjudged. From the judgment of the board, appellee duly appealed to the circuit court where the cause was set for trial on February 23, 1915, on which day appellant filed a motion to dismiss the appeal, which motion was supported by the affidavits of two members of the board of commissioners. The theory of this motion was, that as it was therein made to appear that appellee introduced in evidence, to discharge the burden on him of sustaining his contest, the returns as certified by the canvassing

board, which showed a plurality of nine votes for appellant over appellee, on which evidence the board's finding and judgment rested, he had induced the finding by his own evidence and was, therefore, estopped from appealing therefrom. The motion to dismiss was overruled and the contest tried, with the result that appellee was found by the court to have received a plurality of sixty-two legal votes over appellant and was duly elected and there was a judgment for him accordingly. In this appeal from that judgment, appellant has assigned as errors that the circuit court erred in overruling his motion to dismiss the appeal from the board of commissioners and in overruling his motion for a new trial.

The first claim of reversible error made by appellant's counsel is based on the first assignment on which it is claimed that appellee, having induced the judgment as it was rendered by the board of commissioners was bound thereby and estopped from taking the appeal to the circuit court. Numerous propositions or points are addressed by appellant to this assignment of error and many cases are cited in support of them. Most of these cases are applications of the rule, generally recognized by courts, that an appellant can not claim a reversal of a judgment for an error which he has invited. Obviously the rule has no application in a court where a cause is tried *de novo* on a transfer by absolute right of appeal expressly granted by statute. Such a question is presented by this claim of error. The contest proceeding is authorized by statute and in such a contest over an office such as the one here involved the trial in the first instance must be by the board of county commissioners. §§6995, 7010, 7013 Burns 1914, §§4743, 4758, 4761 R. S. 1881. An appeal to the circuit court is expressly authorized which must be

taken in ten days and where it is docketed as an
original action, and is to be there tried *de novo.*
§§7014, 6026 Burns 1914, §§4762, 5777 R. S.
1881; *Mandlove* v. *Pavey* (1870), 33 Ind. 505. It is
not important on appeal what the evidence was be-
fore the board, or, at whose instance it was heard,
for the losing party has the right to have the con-
test more formally and perhaps fully tried in a court
of general jurisdiction. As an alternative appel-
lant also relies on certain cases cited which hold that
an appeal from the judgment of an inferior tribunal
to a court of general jurisdiction where a trial *de
novo* is required can not be maintained where the
judgment from which the appeal was taken was by
agreement or consent. Among these are, *Indianap-
olis, etc., R. Co.* v. *Sands* (1892), 133 Ind. 433, 32
N. E. 722, and *Gullett* v. *Phillips* (1899), 153 Ind.
227, 54 N. E. 804. The impotency of the latter de-
cision to control that of another case in this court
involving a similar subject-matter where conduct
involving a participation in a proceeding not
amounting to consent or agreement as to the re-
sult, was pointed out in the case of *Rosenmeier* v.
*Mahrenholz* (1913), 179 Ind. 467, 475, 101 N. E.
721. In *Lauferty* v. *Prickett* (1875), 50 Ind. 24,
it was held that a plaintiff who had defaulted and
suffered a nonsuit and dismissal of his action before a
justice of the peace and a judgment against him for
costs was not precluded from appealing to the cir-
cuit court. See, also, *Mariner* v. *Hanna* (1861),
16 Ind. 23. The circuit court committed no error in
overruling appellant's motion to dismiss appellee's
appeal from the judgment of the board of commis-
sioners. Manifestly he did not consent or agree to
that judgment nor is any other element of estoppel
involved in his conduct.

On the trial of the contest before a special judge in the circuit court, appellee offered in evidence the papers and record, including the certificate of the result made by the recount commissioners, of a recount of the ballots ordered by the regular judge of the circuit court on application of appellee. Appellant objected to this proffered evidence on several grounds only one of which need be given consideration, for it was sound and the evidence should have been excluded. The objection was overruled and the offered evidence was admitted. The ruling was properly assigned as a cause for a new trial. The result of the recount as certified by the recount commissioners gave appellee a plurality of ten votes over appellant. The papers and record of the recount proceeding and certificate of result so offered in evidence by appellee show that, when appellant appeared, pursuant to the notice provided for, he filed a verified objection to the appointment of the three men proposed by the judge of the circuit court as recount commissioners, on the ground that they were all from the party of appellee and did not satisfy the positive mandate of the statute. It also appears therefrom that it was conceded that such was the fact as to two of them and that testimony of witnesses was offered and heard as to the qualification of the third one as to party membership. This testimony had been taken and preserved in full and was a part of the proceeding for a recount which appellee offered in evidence on the trial of this case. It appears that eight witnesses were heard to sustain appellant's objection to the competency of the third member of the recount commission and from their testimony it appears clearly enough that he was not a member of appellant's party but of appellee's, although he had supported some candidates on the local tickets of

appellant's party. This was based in the main on his own statements to these witnesses. To meet this testimony, appellee called the proposed third member himself and his own testimony disclosed an adherence to fundamental political principles directly opposed to those of appellant's party and in harmony with appellee's. He asserted that he had affiliated with the local branch of appellant's party and supported some of its candidates. But when asked whether he was a Democrat or a Republican nationally, he answered "that is questionable" and placed himself no more certainly as to party membership. He admitted that he had declared himself to a number of the witnesses just heard to be a member of appellee's party. He had not voted at all at the election which was involved in the contest. Notwithstanding this showing which unequivocally makes it to appear that the proposed commissioner did not meet the requirements of the letter or spirit of the statute, he was selected as the member of the recount commission as the representative of appellant's party and participated as such and signed the certificate of result which was to overthrow the initial count made by an unchallenged bipartisan election board provided by the law. For this reason appellant objected to the evidence, the admission of which is now claimed to be error, for which the judgment should be reversed and a new trial ordered. Appellee seeks to obviate the alleged error on the ground that the objection to the evidence was a collateral attack on the judgment of a court in another judicial proceeding and that it was in any event harmless.

The certificate of election provided for and to be issued by the board of election commissioners
3. acting as a canvassing board by the terms of §6960, *supra*, is *prima facie* evidence of the

title to the office of the one to whom issued.
*Reynolds* v. *State, ex rel.* (1878), 61 Ind. 392; *State, ex
rel.* v. *Shay* (1885), 101 Ind. 36; *Hoy* v. *State, ex
rel.* (1907), 168 Ind. 506, 81 N. E. 509, 11 Ann. Cas.
944; *State, ex rel.* v. *Thornburg* (1912), 177 Ind.
178, 97 N. E. 534. But the statute provides that
the candidate defeated on the face of the returns
may have a recount of the ballots by pursuing the
course which it provides and this statute enacted in
1881 is still in force.. Acts 1881 (s. s.) p. 482,
§§6990-6994 Burns 1914, §§4738-4742 R. S. 1881;
*State, ex rel.* v. *Thornburg, supra; Goecker* v. *Mc-
Osker* (1912), 177 Ind. 607, 98 N. E. 724. One sec-
tion of the recount statute provides that the certif-
icate of result of the recount which the recount com-
missioners are required to make, or the record of
it, may be used as evidence of the facts therein re-
cited upon the trial of any contest between the op-
posing candidates. §6993 Burns 1914, §4741 R. S.
1881. And it has been held, assuming of course that
the recount proceeding was regular in all material
particulars, that such certificate is competent evi-
dence in either a statutory contest or the trial of
title to office by information. It seems that the in-
troduction of the entire proceeding for a recount as
well as the certificate of result has not been deemed
error. And it has been held that when the result
thus shown is contrary to that certified by the can-
vassing board it overthrows the latter and itself
becomes *prima facie* evidence of the contestor's
title subject, of course, to be overcome by the
ultimate evidence of properly preserved and authen-
tic ballots. *State, ex rel.* v. *Shay, supra; State,
ex rel.* v. *Thornburg, supra; Goecker* v. *McOsker,
supra.*

An examination of the recount statute makes it
obvious that while the instruments used are differ-

ent the recount is not different in character or purpose from that of the original count.

4. It is merely to ascertain, if that may be, from the ballots as cast who received the highest number of votes for the office or offices involved. It is not a judicial proceeding nor a final adjudication of the title to the office. It is no more final than the original count and the sum of the returns based thereon as certified by the canvassing board. Manifestly no appeal is contemplated by the statute for none is provided and the proceeding is a special statutory one in the nature of a discovery of evidence to be used in a judicial trial of the title to an office by statutory contest or information wherein the result may be overturned by the ballots themselves. It is only in aid of one who desires to contest with another the title to an office and not an independent judicial proceeding. On application by one desiring to contest who has complied with the statute, the circuit court if in session or the judge thereof in vacation has no discretion but to appoint commissioners for the purpose and to order the recount. The number and qualifications of these commissioners, the statute fixes and the court may appoint none other. So we see that the circuit court or judge in appointing commissioners to recount is acting in no essentially different character than those ministerial officers who appoint those election officials who have the duty placed on them by law to count and canvass the ballots and returns. Nor are the duties of the recount commissioners of a different character in the matter of counting from those of election boards and canvassers of the first instance. It would seem evident, therefore, that the recount statute involves the exercise of ministerial functions and not judicial ones. *Kearns* v. *Edwards* (1894), 28 Atl. (N. J.) 723; *In re Sheriff of Monmouth*

*County* (1906), 69 Atl. (N. J.) 305; *Weeks* v. *Kip* (1899), 64 N. J. L. 61, 44 Atl. 856; *Nash* v. *Craig* (1896), 134 Mo. 347, 35 S. W. 1001; *Andrews* v. *Carney* (1889), 74 Mich. 278, 41 N. W. 923.

Now the general election law provides for election boards to receive and count the ballots, and boards of election commissioners charged among other duties with the duty of canvassing the returns and issuing certificates of election. And in both cases these boards are made up in part from the two dominant political parties and such members are appointed upon the designation of the chairman of the particular political parties. §§6884, 6886, 6898 Burns 1914, Acts 1897 p. 199, Acts 1889 p. 157. The recount statute requires the appointment of three commissioners two of them to be from different political parties and members of the political parties which cast the highest number of votes at the last preceding general election. Here is a recognition of the right of representation of the two dominant parties on a recount board. The general election board with the county canvassing board is authorized to declare who is elected. §6960 Burns 1914, Acts 1905 p. 189. The recount commission is only permitted to certify who as shown by the recount received the highest number of votes. §6993 Burns 1914, §4741 R. S. 1881. Yet this certificate when regularly made supersedes in a contest the former result. It must necessarily then be understood that the legislature never intended other than that the result of a recount by such a commission would be potential and competent *prima facie* evidence to set aside the first count by a lawfully divided election board only when the recount commission was itself lawfully divided. A recount commission constituted by taking all of its members

from one of the two political parties is outside the pale of the law. Appellant was entitled to have the recount statute fairly complied with, and a member of his party satisfactory to him and about whose political fealty there was no serious question placed on the commission. This the election laws contemplated and the certificate of result of a recount by such a commission only, the statute makes evidence of a *prima facie* character. Whether the report was the report of a commission such as the statute authorized was for the trial court to determine by preliminary inquiry upon objection made. In determining that question the court erred. 4 Wigmore, Evidence §2550, and cases cited.

5.

We are not impressed with appellee's claim that the error in the admission of this evidence was harmless. Its purpose was to and it did overthrow appellant's *prima facie* title to the office and made a *prima facie* case for appellee. Thus appellant was required to go forward with such other evidence as might be available to him, a burden which otherwise would have rested on appellee.

6.

Other questions are raised which are not likely to be encountered on another trial and which are not, therefore, determined. Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 110 N. E. 753. As to ballots as evidence of vote cast, see 11 Am. St. 798. See, also under (1) 15 Cyc 438; (2) 15 Cyc 429; (3) 15 Cyc 431.