## Layman *v.* Dixon.

[No. 9,214. Filed January 9, 1917.]

1. Elections.—*Petition for Recount.—Dismissal.—Right of Appeal.*—An order dismissing a petition based on §6991 Burns 1914, §4739 R. S. 1881, for a recount of ballots cast for township trustee is not appealable, since the proceedings for a recount is under a special statute (§§6990-6994 Burns 1914, §§4738-4742 R. S. 1881) containing no provision for an appeal. p. 503.

2.  ELECTIONS.— *Recount.— Petition—Sufficiency.— Statute.*— Under §6990 Burns 1914, §4738 R. S. 1881, relating to proceedings to obtain a recount of ballots cast at an election, where the petition provided for fails to show that the candidate desires to contest the election it is insufficient to invoke the action of the court in the matter, since one seeking the benefit of a statute must bring himself within its terms.  p. 504.

From Jennings Circuit Court; *Robert A. Creigmile,* Judge.

Proceedings on the petition of Frank Layman for a recount of ballots cast for the office of township trustee. From an order dismissing his petition, the petitioner appeals. *Appeal dismissed.*

*William Fitzgerald,* for appellant.
*H. C. Meloy,* for appellee.

IBACH, P. J.—This is an attempted appeal from an order of the judge of the Jennings Circuit Court made in chambers dismissing appellant's petition based on §6991 Burns 1914, §4739 R. S. 1881, for a recount of the ballots cast for township trustee.

The recount statute, §§6990-6994 Burns 1914, §§4738-4742 R. S. 1881, has recently come under the review of the Supreme Court in the case of *Williams* v. *Bell* (1915), 184 Ind. 156, 110 N. E. 753.  In that case the question arose upon the admission in evidence of the commissioners' certificate on a recount in a proceeding to contest, the question for determination being whether or not such certificate was a judgment.  In disposing of such question the court said: "An examination of the recount statute makes it obvious that, while the instruments used are different, the recount is not different in character or purpose from that of the original count.  It is merely to ascertain, if that may be, from the ballots as cast, who received the highest number of votes for the office or offices involved.  It is not a judicial proceeding, nor a final adjudication of the title to the office.  It is no more final than the original count and the

sum of the returns based thereon as certified by the canvassing board. Manifestly, no appeal is contemplated by the statute, for none is provided, and the proceeding is a special statutory one in the nature of a discovery of evidence to be used in a judicial trial of the title to an office by statutory contest or information wherein the result may be overturned by the ballots themselves. It is only in aid of one who desires to contest with another the title to an office and not an independent judicial proceeding. On application by one desiring to contest who had complied with the statute, the circuit court, if in session, or the judge thereof in vacation, has no discretion but to appoint commissioners for the purpose and to order the recount. The number and qualifications of these commissioners the statute fixes, and the court may appoint none other. So we see that the circuit court or judge in appointing commissioners to recount is acting in no essentially different character than those ministerial officers who appoint those election officials who have the duty placed on them by law to count and canvass the ballots and returns. Nor are the duties of the recount commissioners of a different character in the matter of counting from those of election boards and canvassers of the first instance. It would seem evident therefore that the recount statute involves the exercise of ministerial functions and not judicial ones.''

The first question to be determined in this case is whether we have any jurisdiction over this proceeding, or, in short, whether such an appeal will lie. As we view such question, it is conclusively settled by the holding of the Supreme Court in the case above quoted. We have here a proceeding under a special statute, containing no provision for appeal, and manifestly none contemplated. It is in no sense a civil action. It is unnecessary for us to extend this discussion; but in support of our conclusion, we refer to the following additional authorities: *Lafayette, etc., R. Co.* v. *Butner* (1903), 162 Ind. 460, 70 N. E. 529;

and authorities cited; *Collins* v. *Laybold* (1914), 182 Ind. 126, 132, 133, 104 N. E. 971, and authorities cited; *Noblesville Hydraulic Co.* v. *Evans* (1904), 163 Ind. 700, 72 N. E. 126. We conclude that an appeal does not lie from the order of the court in this case.

Appellant's petition does not comply with the provisions of the statute (§6991 Burns 1914, *supra*). It is evident, from a reading of the act in question, that it is only when the candidate desires to contest an election that he may invoke the aid of such statute. §6990 Burns 1914, *supra*.

Among other things, the legislature has said that the petition must show "that he (the candidate) desires to contest such election." This element appellant's petition does not contain in express terms and there is no language from which it may be fairly inferred. One who seeks the benefit of a statute must bring himself fairly within its terms. Until a petition in compliance with the statute was filed, no duty rested upon the judge of the circuit court to act in the matter. Appeal dismissed.

NOTE.—Reported in 114 N. E. 698.