STATE EX REL. SCHRAGE *v.* BOYLE.

[No. 25,887. Filed June 14, 1934.]

*Crumpacker & Friedrich, Jay E. Darlington,* and *James I. Sullivan,* for appellant.

*McMahan & Conroy* and *Oscar Haney,* for appellee.

HUGHES, C. J.—This is an action in *quo warranto* brought by the State of Indiana, ex rel. Walter E. Schrage against the defendant to determine the title to the office of Mayor of the city of Whiting, Lake County, Indiana.

The complaint, among other things, alleges that at a regular meeting of the city council on January 3, 1930, the council elected the relator, Walter E. Schrage, to the office of mayor of said city; that the relator duly qualified, took possession of said office, exercised and performed the duties thereof, that at the city election held on November 5, 1929, one Francis D. McNamara, and the defendant, Thomas S. Boyle, were the only can-

didates for said office; that the said McNamara was duly elected to said office by having received a majority of the legal votes cast; that the board of canvassers declared the defendant, Thomas S. Boyle, elected to the office of mayor and issued to him under the hand of said board of canvassers a certificate of election which said defendant now holds; that thereafter within the time and in the form prescribed by law the said Francis D. McNamara instituted proceedings in the Lake Circuit Court for a recount of the ballots cast; that said ballots were recounted and a certificate was issued by the recount commissioners certifying and declaring that McNamara received the majority of the votes cast; that the certificate of election issued to the defendant, Boyle, by the board of canvassers did not correctly state the result of the election as to said office of mayor; that the defendant, Boyle, was not elected and did not receive a majority of the legal votes cast; that said certificate of election is erroneous and is superseded by the certificate of record.

The complaint further alleges the death of the said Francis D. McNamara on December 22, 1929, subsequent to the recount proceedings; that the said Francis D. McNamara did not qualify for the said office of mayor for the term beginning January 6, 1930, before his death on December 22, 1929; that by reason of the death of McNamara the relator is now the legal mayor of said city and entitled to hold possession of said office and exercise the functions thereof.

The complaint further alleges that on January 6, 1930, the defendant usurped, intruded into, and unlawfully and wrongfully and against the rights of the relator took possession of said office and now holds said office and exercises the functions thereof. The relator asks that defendant be ousted from said office and that he be given possession thereof.

The defendant filed a demurrer to the complaint of

relator for the reason that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, the relator refused to plead further, and final judgment was rendered against relator.

The assignment of errors assigns two grounds: first, the court erred in sustaining the demurrer, and second, the court erred in rendering final judgment against appellant.

The question presented is, does the complaint state a good cause of action against the defendant?

It is to be noted that the complaint does not aver or allege that the defendant did not qualify, as provided by law, before entering upon the duties of his office. The presumption is that he did. The board of canvassers, acting at said election declared the defendant elected to the office of mayor, and issued to him a certificate of election. This certificate has never been set aside in any legal or lawful manner. No contest was ever had. True, a recount was had at the request of said McNamara and the recount commissioners found for McNamara and issued a certificate to him. No contest was ever had, and as far as the record shows none instituted, and at the time of the death of said McNamara, the defendant, Boyle, held the certificate of election.

It is the contention and theory of the appellant that no successor was elected and qualified for the reason that McNamara received the highest number of votes, and died before he qualified, and therefore Boyle, appellee, was not elected.

The appellant, in his brief, has presented, in an able manner, the law governing the rights of a hold-over officer, and also the right to maintain an action of *quo warranto*. It is admitted by the appellee that *quo warranto* is a proper remedy, but he contends that the

amended complaint of appellant does not state facts sufficient to constitute a cause of action under the Information Statute. The cases cited and discussed by appellant as to the rights of a hold-over officer state the law correctly, as we are informed, but we do not think these cases are decisive as applied to the facts in the instant case.

We think it must be conceded that the recount, and the recount certificate did not constitute a declaration of the election of McNamara. In the case of *Williams* v. *Bell* (1915), 184 Ind. 156, 164, 110 N. E. 753, the court said: "An examination of the recount statute makes it obvious that while the instruments used are different the recount is not different in character or purpose from that of the original count. It is merely to ascertain, if that may be, from the ballots as cast who received the highest number of votes for the office or offices involved. It is not a judicial proceeding nor a final adjudication of the title to the office. It is no more final than the original count, and the sum of the returns based thereon as certified by the canvassing board. Manifestly no appeal is contemplated by the statute for none is provided and the proceeding is a special statutory one in the nature of a discovery of evidence to be used in a judicial trial of the title to an office by the statutory contest or information wherein the result may be overturned by the ballots themselves. It is only in aid of one who desires to contest with another the title to an office and not an independent judicial proceeding. On application by one desiring to contest who has complied with the statute, the circuit court if in session or the judge thereof in vacation has no discretion but to appoint commissioners for the purpose and to order the recount. The number and qualifications of these commissioners, the statute fixes and the court may appoint none other. So we see that the circuit court or

judge in appointing commissioners to recount is acting in no essentially different character than those ministerial officers who appoint those election officials who have the duty placed on them by law to count and canvass the ballots and returns. Nor are the duties of the recount commissioners of a different character in the matter of counting from those of election boards and canvassers of the first instance. It would seem evident, therefore, that the recount statute involves the exercise of ministerial functions and not judicial ones."

So in the instant case the recount was not a judicial proceeding, nor a final adjudication of the title to the office of mayor. And, moreover, the statute for a recount only applies to one who was a candidate and who desires to contest the election. §7587, Burns 1926, §29-2102, Burns 1933, §7388, Baldwin's 1934. It is a special proceeding and the recount certificate can not avail the appellant in the instant case. In a petition for a recount it is necessary to allege that the petitioner desires to contest the election. *Layman* v. *Dixon* (1916), 63 Ind. App. 501, 114 N. E. 698. However, the petitioner is not required to proceed with the contest; the recount might show that the petitioner received a greater number of votes than his opponent, but for various reasons he might refuse to proceed with the contest, and, if so, there could be no question but that his opponent, who held the certificate of election, would be entitled to qualify and take possession of the office. This, in effect, is what happened in the instant case. The appellee was given the certificate of election; McNamara filed a petition for a recount and a recount was had and a certificate issued to him and he died. The certificate, however, would only have availed McNamara had he lived and instituted a contest proceeding. It would then have been evidence in the contest between the candidates. *Williams* v. *Bell, supra.*

The relator, in the instant case, if he is entitled to recover, must do so upon the strength of his own title and, not on the weakness of his opponent's title. *Relender* v. *State ex rel. Utz, Prosecuting Attorney* (1897), 149 Ind. 283, 291, 49 N. E. 30; *State ex rel.* v. *Bradt* (1908), 170 Ind. 480, 487, 84 N. E. 1084. The Relender case, *supra*, was brought by the State on the relation of the Prosecuting Attorney to oust an officer. The court said: "The controversy involved in this suit is not one merely between two persons to determine which one has the best title to the office. In such cases it is true that the one who seeks to expel an incumbent of an office and gain admission thereto himself, must allege and prove his eligibility. Or, in other words, if the complaining party in such action prevail at all, he is required to do so on the strength of his own title." And the case of *State ex rel.* v. *Bradt, supra,* was a *quo warranto* proceeding brought in the name of the State on the relation of John S. Benham, to eject the appellee from the office of county superintendent, the court said: "It was incumbent on the relator, in order to maintain this action, to show in his complaint, and to prove upon the trial, that under the law he was eligible to be elected to the office in controversy, and he must recover, if at all, upon the strength of his own title to the office. He can not prevail upon any infirmity or weakness of the title of appellee."

So, in the instant case, the appellant must recover, if at all, upon the strength of his own title and not upon any infirmity or weakness of that of the appellee. What title has the appellant? Clearly, the rights of a holdover, if any.

It has been said by this court that it is the duty of an incumbent of a public office at the expiration of his

term, when a certificate of election has been issued to another who has qualified thereunder, to surrender the office to his successor. *Couch* v. *State ex rel.* (1907), 169 Ind. 269, 82 N. E. 457. And a properly executed certificate of election is prima facie evidence of the holder's election, in a direct attack on the validity of such election and conclusive evidence on a collateral attack. *State* v. *Hoggatt* (1928), 200 Ind. 338, 163 N. E. 258.

When the appellant's term of office expired on January 6, 1930, it was his duty to surrender the office to the one holding the certificate of election. The appellee was the holder of the certificate and it was prima facie evidence of his election until said certificate was set aside or annulled in some legal proceeding. And as between the appellant and appellee it was not annulled or set aside by reason of the recount upon the petition of McNamara.

In the case of *State* v. *Slack* (1928), 200 Ind. 241, 248, 162 N. E. 670, this court said: "At the Indianapolis City election of 1925, Duvall received the highest number of votes, a certificate of election was issued to him and he duly qualified as mayor on January 4, 1926, and Shank relinquished to him said office. Although Duvall's election was subject to contest and his title as evidenced by the certificate of election was defeasible, by reason of his ineligibility, nevertheless such election and qualification was sufficient to vest him with color of title to said office and thereupon terminate Shank's tenure of office within the meaning of the statute prescribing the term of the office of mayor." And, in the instant case when the appellee received the certificate of election, qualified and entered upon the duties of his office the appellant's tenure of office was terminated.

We think the cases of *DeArmond* v. *State ex rel.*

*Campbell* (1872), 40 Ind. 469, 472, and *Parmater* v. *State, ex rel. Drake* (1885), 102 Ind. 90, 8 N. E. 382, are decisive of the question involved in the instant case. In the DeArmond case, *supra,* DeArmond was the holdover trustee and suit was brought to oust him. It appears that Robert Armstrong was duly elected trustee, to succeed DeArmond, and received the election certificate, filed his bond and qualified. DeArmond filed an answer alleging that at the time of the election of Armstrong, one Myers was also a candidate, and that Myers contested the election of Armstrong which contest was not finally decided. The court said: "It seems to us that the court committed no error in holding this answer bad. Armstrong, having received the certificate of election to the office, and having qualified by giving bond and taking the oath of office, is entitled, so far as DeArmond is concerned, at least, to enter upon the discharge of the duties of his office. The contest between him and Myers is not a matter which DeArmond has any interest, or which can enable him to continue to hold the office."

So in the instant case, the appellee held the election certificate, qualified and entered upon the duties of his office. And clearly under the authority of the foregoing case if McNamara had lived and contested the election of Boyle, the appellant would have had no right to hold the office after his term expired. And he has no such right now, because of the death of McNamara. The fact that a recount had been had, and the recount certificate given to McNamara, prior to his death could make no difference as far as the appellant is concerned. As heretofore said, there was no contest, and no contest proceedings instituted, and for all that is known there might never have been a contest had McNamara lived.

What right has the appellant to hold the office after

his term had expired, because McNamara, had he lived might have successfully contested the election of Boyle? For all that the appellant knows McNamara would never have contested the election. There is nothing in the record to show how many more votes McNamara received in the recount than Boyle. It may have been only one, and, if so, can it not be imagined that McNamara might have said to himself and to his supporters, I can not afford to go on with the contest and take the chance of losing, and I will submit to the legality of Boyle's election. Such a course of action is not only possible, but, as we know, has often occurred. Under such presumed state of facts would the appellant have had any rights as a hold-over officer? Clearly not. This is a case where the appellant is attempting to hold on to the office for his own benefit by championing a losing party. This is well expressed in the case of *The Supervisors* v. *O'Malley* (1879), 46 Wis. 35, 56, 50 N. W. 521, wherein it was said: ". . . that, as against a person holding an office by virtue of an election for a term of office which has expired, the person so holding over is estopped from denying that his successor was duly elected, when such successor shows that he was declared elected by the proper board of canvassers. He can not avoid the effect of the decision of the canvassers by simply holding on to the office, and claiming that the decision of the canvassers was erroneous, or that the electors who cast the votes were not legal electors, or that fraud was practiced which when investigated would show a different result. If in such a case he was a candidate for re-election, he must himself commence proceedings by *quo warranto* against the party claiming the office, for the purpose of having the judgment of the canvassers reversed; and he can not hold on to the office upon his mere claim that the result of the canvassers was erroneous. If he was not a contest-

ant for the office, his duty is to surrender the official papers, records and moneys to the person duly declared elected, upon his having duly qualified. The law will not permit him, on the pretense of championing the losing party, to hold on to the office for his own benefit."

In the case of *Parmater* v. *State, ex rel. Drake, supra,* John A. Smith and Walter S. Hazelton were opposing candidates for county commissioner. The appellant, Parmater, had been appointed commissioner to fill an unexpired term of one who had died. Smith had been declared elected and Parmater refused to surrender to Smith. A proceeding in the nature of a *quo warranto* in the name of the State on the relation of the prosecuting attorney was brought to oust Parmater. One of the reasons assigned in appellant's motion for a new trial was the refusing to allow the appellant to prove by introducing the ballots in evidence that John A. Smith was not elected, and that one Walter S. Hazelton was elected. In the course of the opinion the court said, p. 99: "This is a suit by the State to oust appellant from the office he is holding, and in which the appellant can not collaterally attack the certificate of election of Smith. If it had been a case of contest of the election between Hazelton and Smith there is no doubt but Hazelton would have had the right to go behind the certificate, for as to him Smith's certificate would only be prima facie evidence of Smith's election. But as between the appellant and the State, the title to the office as between Hazelton and Smith, over the regular certificate of election can not be inquired into."

It surely must be conceded that the foregoing case is directly in point here. The appellant here is undertaking to do what the appellant sought to do in the above case and the court held against him. Schrage seeks to show that Boyle was not elected, but that McNamara was, just as in the above case the appellant

undertook to show that Smith was not elected, but that Hazelton was, and that the appellant had the right to prove this fact by introducing the ballots. This the court held could not be done.

In our judgment the demurrer to the amended complaint was properly sustained and no error was committed in rendering final judgment against the appellant.

The appellees have asked for an oral argument, but as the judgment of the lower court is affirmed, we see no necessity of an oral argument.

Judgment affirmed.