STATE EX REL. WEVER *v.* REEVES ET AL.
STATE EX REL. RAWLINGS *v.* REEVES ET AL.
STATE EX REL. FITZGERALD *v.* REEVES ET AL.
STATE EX REL. BAUMANN ET AL. *v.* REEVES ET AL.

[Nos. 28,737 to 28,740. Filed January 19, 1951.]

*Theodore Lockyear, Wilbur F. Dassel* and *William P. Foreman,* all of Evansville, for relators.

*Milford M. Miller, Robert J. Hayes, R. Vance Hartke, William T. Fitzgerald* and *W. D. Hardy,* all of Evansville, for respondents.

GILKISON, J.—By these original actions the several relators ask that a writ of prohibition and a writ of mandate issue against respondents prohibiting them from exercising further jurisdiction in a certain action pending before them, and that they be mandated to expunge from their record certain rulings made by

them in such action. A temporary writ of prohibition and an alternative writ of mandate were issued by this court, to which respondents have filed their verified response.

In the respondent court defeated candidates for prosecuting attorney of the First Judicial District of Indiana; Judge of the Superior Court of Vanderburgh County, Indiana; County Commissioner of the First Commissioner District of Vanderburgh County, Indiana; County Councilmen at Large of Vanderburgh County, Indiana; and State Representatives for Vanderburgh County, Indiana filed a joint petition for a recount of the votes for said several offices, and a contest of the election with respect thereto under Sections 29-5401 et seq. and 29-5601 et seq., Burns' 1949 Replacement. We have heretofore decided an original action involving the right of respondents to determine the election, qualification and returns of the candidates for State Representative (Indiana Supreme No. 28741).

Since the controlling averments are identical in the remaining cases except as to No. 28740 Ex rel. Baumann, Combs and Folz and No. 28739 Ex rel. Fitzgerald, we shall decide them together under the title The State of Indiana on Relation of Paul V. Wever v. Reeves et al., No. 28737, with special consideration to the proceedings by the two candidates for County Councilmen at Large, and the candidate for County Commissioner for the First Commissioner's District of Vanderburgh County, Indiana.

By his verified petition relator, Wever, shows in substance that at the general election held in Indiana on November 7, 1950, he was duly elected Prosecuting Attorney of the First Judicial Circuit of Indiana, and was so declared and certified by the County Board of Canvassers. That on November 22, 1950 Edward Crab-

tree, John E. Early, Leo A. Meagher, Val A. Dietsch, Verone Marie Rieber, Edward H. Kinkle and James H. Meyer filed their joint petition and complaint in two paragraphs—in paragraph one jointly asking for a recount of the votes cast at such general election, and paragraph two jointly asking to contest such election.

That on November 24th plaintiff, Kinkle, amended the complaint by his verification thereof.

On November 30, 1950 the petitioners in respondent court asked and were granted leave to amend paragraph one of their petition by interlineation in line 6 of rhetorical paragraph 3 as follows: "that the petitioners and each of them desire to contest said election in respect to each of their respective offices."

Many pleadings were filed and considerable record was made in the action, resulting in the appointment of recount commissioners on December 4, 1950 and an order that the recount begin on December 11, 1950.

It is averred that respondents are without jurisdiction to order a recount as asked in paragraph one of the petition for the following reasons:

(a) That this paragraph of the petition does not comply with the requirements of Sec. 328, ch. 208, Acts of 1945; § 29-5405, Burns' 1949 Replacement because it does not state that petitioner desired to contest said election in respect to said office or that petitioner desired to prepare for a contest in respect of such offices which they had reason to believe would be instituted against them.

Petitioners state additional reasons b, c, d, e and f. Some of these reasons are in substance repetitions of (a) and while the others or some of them may be sufficient to constitute fatal errors in rulings made by the trial court, they are not jurisdictional errors, and therefore may not be corrected in an original action for prohibition or mandate. They may

be considered only on appeal. *State ex rel.* v. *Gleason* (1918), 187 Ind. 297, 298, 119 N. E. 9. See also *State ex rel.* v. *Montgomery Circuit Court* (1945), Dissents 223 Ind. 476, 486, 62 N. E. 2d 149.

This leaves for our consideration matters affecting the jurisdiction of respondents, common to all the petitioners only the question of whether the omission from paragraph one of the petition, when it was filed and thereafter for a period of more than fifteen days after the date on which the election was held, the statement "that the petitioner desires to contest said election in respect to said office, or that petitioner desires to prepare for a contest in respect of such office which he has reason to believe will be instituted against him;" is a jurisdictional fact. And if so, whether its absence from that paragraph of the complaint leaves the court without jurisdiction thereof. See § 29-5405, Burns' 1949 Replacement; Acts 1945, Ch. 208, p. 680, § 328, p. 885.

There can be no doubt that the petition to recount is a statutory proceeding. Burns' 1949 Replacement, §§ 29-5401 to 29-5417 inclusive; Acts 1945, Ch. 208, p. 680, §§ 324 to 340 inclusive, pages 883 to 890 inclusive. *State ex rel. Lord* v. *Sullivan, Judge* (1938), 214 Ind. 279, 281, 15 N. E. 2d 384. It is not a civil action. *Layman* v. *Dixon* (1917), 63 Ind. App. 501, 114 N. E. 698. It must be filed in the manner and form as provided by statute with all jurisdictional facts properly averred "within fifteen (15) days after the day on which such election was held." § 29-5403, Burns' 1949 Replacement; Ch. 208, § 326, p. 883, Acts 1945. *Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416.

It is a well established legal principle that if a statute creates a new right or proceeding and provides

a valid remedy for its enforcement, the remedy thus given must be pursued to the exclusion of all others. *Storms* v. *Stevens* (1885), 104 Ind. 46, 47, 3 N. E. 401, and cases there cited; *Shipman, Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 451, 192 N. E. 849; *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 171, 172, 59 N. E. 2d 118, and cases there cited; *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 311, 92 N. E. 2d 544.

When a court's procedure is defined by a special statute, its judicial functions are essentially controlled thereby, the remedy is confined to the mode prescribed and the procedure provided must be followed. The statute conferring jurisdiction must be followed in the method of procedure. *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 104, 54 N. E. 442; *Ryan* v. *Ray* (1885), 105 Ind. 101, 106, 4 N. E. 214; *Bartlett et al.* v. *Manor et al.* (1897), 146 Ind. 621, 625, 45 N. E. 1060; *State* v. *Gorman* (1908), 171 Ind. 58, 63, 64, 85 N. E. 763; *Wehmeier* v. *Mercantile Baking Co.* (1912), 49 Ind. App. 454, 460, 97 N. E. 558; *Southern Ry. Co.* v. *Town of French Lick* (1913), 52 Ind. App. 447, 452, 100 N. E. 762; *City of Peru* v. *Cox* (1909), 173 Ind. 241, 243, 90 N. E. 7; *Town of Windfall City* v. *State ex rel. Wood* (1909), 172 Ind. 302, 306, 88 N. E. 505. See also *Drinkwatter* v. *Eikenberry* (1946), 224 Ind. 84, Dissent, p. 94 to 98, 64 N. E. 2d 399.

It is a well settled rule that when a party seeks the benefit of a statute he must by averment and proof bring himself within its provisions. *Indianapolis Etc. Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 69 N. E. 669, and cases there cited; *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 102, 93 N. E. 540.

The statute limiting the time within which a petition to recount votes may be filed with the court or judge in vacation provides as follows:

"Such petitions for the recount of votes cast at an election shall be filed within fifteen (15) days after the day on which such election was held." § 29-5403, Burns' 1949 Replacement; Acts 1945, Ch. 208, Art. 27, § 326, p. 883.

The statute providing the averments that the petition for recount of votes must contain to give the court, or the judge in vacation jurisdiction, among other things, provides:

"Each such petition shall state . . . that the petitioner desires to contest said election in respect of said office, or that the petitioner desires to prepare for a contest in respect of such office which he has reason to believe will be instituted against him; . . ." § 29-5405, Burns' 1949 Replacement.

The petition did not contain either of these alternate averments when it was filed with the court on November 22, 1950, fifteen days after November 7, the date of the election. On November 30, 1950, twenty-three days after the election the petitioners for recount asked and were granted permission by respondents to amend their petition, by interlineation, by inserting the jurisdictional averment as follows: "That the petitioners and each of them desire to contest said election in respect of each of their respective offices." This presents the question whether the amendment inserting a new jurisdictional fact relates back to the date of the filing of the petition, or whether it is effective only as of the date of the filing of the amendment.

An action to enforce a new or special remedy created by a statute must come within the terms of the stat-

ute. Limitations placed on a liability thus created become a part of the right conferred, and compliance with them is made essential to the assertion and the benefit of the liability. 1 Am. Jur., Actions, § 11, *Statutory Remedies,* p. 410; 1 C. J. S., Actions, § 5, *Statutory Remedies,* p. 973; *United States ex rel. Texas P. Cement Co.* v. *McCord* (1914), 233 U. S. 157, 162, 58 L. Ed. 893, 897, and cases there cited; *Aldrich, Supervisor etc.* v. *Hawkins and Another* (1842), 6 Blackf. 125, 126; *Martin* v. *West* (1856), 7 Ind. 657, 659; *Boyd, Adm.* v. *Brazil Block Coal Co.* (1898), 25 Ind. App. 157, 162, 57 N. E. 732.

In appointing recount commissioners the judge or court acts ministerially and not judicially. *Layman* v. *Dixon* (1917), 63 Ind. App. 501, 503, *supra; State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 24, 17 N. E. 2d 805. When a proper petition is presented to the court or judge, he has no discretion to exercise. His duty is mandatory. If the petition is jurisdictionally defective the court or judge cannot act upon it, since it is a nullity. The statute authorizes the court or judge to allow the petition to be amended upon such terms and conditions as it may order. Sec. 29-5405, Burns' 1949 Replacement, *supra.* With respect to jurisdictional facts, amendments could be made at any time prior to the expiration of the time limit fixed by the statute for the filing of the proceeding. After the expiration of that time it was not within the power of the court or judge to permit an amendment to the petition which supplied an absent jurisdictional averment. In this special statutory proceeding the statute of limitation cannot thus be tolled beyond the period fixed. 2 Lowe's Rev., *Works' Indiana Practice,* § 21.7, pp. 79, 80; *Martin* v. *Youngblood* (1937), 211 Ind. 647, 653, 7 N. E. 2d 997; *Humphries* v. *McAuley* (1933), 205 Ind.

469, 475, 187 N. E. 262; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 585, *supra; State ex rel. Schrage* v. *Boyle* (1934), 206 Ind. 574, 578, 190 N. E. 743. See *Layman* v. *Dixon* (1917), 63 Ind. App. 501, 504, *supra; State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 23, 24, *supra; Slinkard* v. *Hunter* (1936), 209 Ind. 475, 478, 199 N. E. 560; *Fargo & Company* v. *Cutshaw et al.* (1895), 12 Ind. App. 392, 395, 39 N. E. 532.

From the foregoing discussion it is apparent that respondents were without jurisdiction to order a recount of the ballots in Vanderburgh County cast ▮ at the general election held November 7, 1950, for any of the several offices named in the joint petition for recount.

We now consider the additional averments not common to all the relators contained in the petition of relators, Baumann, Combs and Folz, No. 28740, the latter two being County Councilmen at Large elect, and the petition of Fitzgerald, No. 28738, County Commissioner elect for the First Commissioner District of Vanderburgh County, Indiana.

The Indiana recount statute, among other things, provides:

> "The candidate desiring a recount of votes shall file a verified petition or petitions therefor, as the case may be, in the circuit or in a superior court of the county . . . or before the judge of such court in vacation . . . within fifteen days after the day on which such election was held: . . ." Sec. 29-5403, Burns' 1949 Replacement, *supra.*

Among other things, it further provides:

> "Each such petition shall state . . . the name and post-office address of petitioner's opposing candidate or candidates; . . ." Sec. 29-5405, Burns' 1949 Replacement.

The Indiana contest statute, among other things, provides:

"Any person desiring to contest any election, . . . shall file, in the office of the clerk of the circuit court of the proper county, his petition . . . stating the names of all persons who were candidates at such election for the office involved, . . . Such petition shall be verified by the contestor and shall be filed within fifteen days after the day on which the election is held." Sec. 29-5504, Burns' 1949 Replacement.

Verification of said petition by petitioner and contestor, Edward H. Kinkle, candidate for County Commissioner for the First Commissioner's District of Vanderburgh County, Indiana, on November 24, 1950, constituted that the filing date of his petitions. At that time the statute of limitation had barred the rights petitioner sought to assert. *Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416, *supra; Slinkard* v. *Hunter* (1936), 209 Ind. 475, 478, 199 N. E. 560, *supra; Martin* v. *Schulte* (1932), 204 Ind. 431, 435, 182 N. E. 703.

It is conclusively shown that at the election of which complaint is made, Henry W. Bosse and Charles C. Schreiber were each candidates for the same offices as contestor, Verone Marie Rieber, and that neither of them were made either a petitioner or a defendant in the petition for recount or the petition for contest. This was a defect which left respondents without jurisdiction to act on either paragraph of the petition as to such contestor.

For the reasons noted the temporary writ of prohibition heretofore issued in each cause herein is hereby made permanent as to paragraph one being the petition for recount of the votes for the respective offices named in the petition and respondents are here-

by prohibited from proceeding further in the recount proceeding pending before them in cause No. 4626 in said court entitled Edward Crabtree et al. v. Paul Wever et al. and they are permanently prohibited from proceeding further with the contest proceeding of Edward H. Kinkle, candidate for County Commissioner, First Commissioner's District and of Verone Marie Rieber, candidate for Councilman at Large of Vanderburgh County, Indiana. The alternate writ of mandate heretofore issued in each cause herein is made absolute and respondents are hereby ordered to expunge from the records of the Vanderburgh Circuit Court all records heretofore made therein respecting the recount proceedings in said numbered cause pending in the Vanderburgh Circuit Court.

As to paragraph two of the petition in said cause being the petition to contest the election to certain offices, the temporary writ of prohibition and the alternative writ of mandate are dissolved as to the contest petition only of James H. Meyer, candidate for Judge of the Superior Court of Vanderburgh County, and the contest petition only of Edward Crabtree, candidate for Prosecuting Attorney for the First Judicial Circuit of the State of Indiana. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 479, *supra*.

Jasper and Draper, J. J., disagree insofar as it is held that the petition could not be amended at the time and in the particulars referred to.

NOTE.—Reported in 96 N. E. 2d 268.