Dobyns *v.* Weadon.

———————◆———————

## DOBYNS *v.* WEADON.

ELECTION.—*Contest.*—*Pleading.*—*Evidence.*—In the contest of an election for a county office, the written statement of the contestor, he and the contestee having been the only persons who received votes for said office, alleged, as the ground of contest, the misconduct of the judges, clerks, and canvassers in certifying incorrectly, as they knew, a larger number of votes for the contestee than for the contestor, and in certifying that the contestee was elected, when, in fact, the contestor was elected. Answer, by the contestee, admitting a mistake in his favor as to the number of votes, as stated by the contestor, but relying on the fact that the contestor received a number of illegal votes greater than the number so wrongfully certified for

the contestee. Reply, relying on the fact that as large a number of illegal votes were received by the contestee as by the contestor.

*Held,* that the statement of the contestor and the answer of the contestee were each sufficient on demurrer.

*Held,* also, that, under a proper construction of the statute, the reply of the contestor was not a departure, and that it was error to reject evidence in support of it.

SAME. — *Gravamen of Contest.*—*Conduct of Election Officers.*—In the contest of any election, under the act of May 4th, 1852, whatever may be the ground of contest alleged, the true *gravamen* of the case is to determine who received the highest number of legal votes, and "malconduct" of a member or officer of the board of judges or canvassers, which does not affect the number of votes, is not a ground of contest.

From the Decatur Circuit Court.

*B. W. Wilson, C. & J. K. Ewing,* and *J. S. Scobey,* for appellant.

*S. A. Bonner, J. L. Bracken, J. D. Miller,* and *W. A. Moore,* for appellee.

BIDDLE, J.—The appellant filed his written statement before the clerk of the circuit court, contesting the election of the appellee to the office of county auditor of Decatur county, specifying the grounds of contest, according to the statute, 1 G. & H. 316.

The statement, after averring the qualifications of the contestor, and the holding of the election, alleges, that, in Adams township of said county, said Weadon received one hundred and twenty-seven votes, but the judges and clerks of said precinct certified that said Weadon, at said election for said office, received one hundred and thirty-two votes; that afterwards the board of canvassers of said county certified that said Dobyns, for the office of auditor, at said election, received two thousand one hundred and fourteen votes, and said Weadon received two thousand one hundred and seventeen votes for said office; while, in fact, Weadon received two thousand one hundred and twelve votes, and no more; averring that Dobyns received for said office of county auditor two more votes than were received by Weadon; that said board, well knowing these facts, certified that said Weadon was elected to said office,

when, in fact, said Dobyns was duly elected thereto; that Dobyns and Weadon were the only candidates; that Dobyns is eligible; that Weadon is now auditor of said county; therefore he files his statement before the clerk. Prayer, that the contestor be declared duly elected, etc.

A demurrer to this statement was filed, alleging the insufficiency of the facts stated, which was properly overruled.

We think the statement is sufficient. The contestee then answered, first, by general denial; second, admitting the mistake of five votes in his favor at the precinct of Adams, as alleged, but averring that the contestor received for said office at said election a large number of illegal votes, amounting to one hundred or more, specifying the precincts, and the number at each precinct, the disqualifications of the voters who cast them, etc.

To the second paragraph of answer, the contestor demurred for insufficiency of facts alleged. The demurrer was correctly overruled.

The contestor then replied to the second paragraph of answer, that the contestee had received for said office at said election a large number of illegal votes, one or two hundred, particularly stating the precincts, disqualifications of the the voters, etc.

Other matter was stated in the reply, which the court properly rejected, on motion, as surplusage.

There were, also, several other motions, throughout the pleadings, to reject, strike out, amend, and make more specific, which we do not particularly notice, as the rulings upon them do not affect the controversy either way.

A demurrer was filed to the second paragraph of the reply to the second paragraph of the answer, for want of sufficient facts, which was overruled.

Upon these issues, the case was tried by the Board of Commissioners of Decatur County. The board found that each candidate received an equal number of votes, and adjudged that neither was elected. From this decision, both parties appealed to the circuit court.

Dobyns *v.* Weadon.

The issues were re-argued in the circuit court, but not substantially changed.

On motion, a part of the reply to the second paragraph of the answer was stricken out as surplusage. There is no error in this ruling; it did not change the legal effect of the reply. The issues being thus joined, the cause was submitted to the court for trial.

During the trial, when the contestor offered evidence to prove the facts alleged in the second paragraph of the reply to the second paragraph of answer, the contestee objected to the evidence, and the court " ruled that he would, for the time being, hear said evidence, subject, however, to his maturer and final opinion as to the competency thereof, and he did so receive the same; and after the evidence aforesaid was all heard, and said action finally argued and submitted to said court aforesaid, * * said court, having then matured his opinion in said case, then and there ruled and held that all of said evidence offered and given as aforesaid * * was incompetent and illegal, for the reason that the second paragraph of the reply of said contestor, Dobyns, to the answer of said contestee was a departure, and that no evidence whatever could be given or received by the court in support thereof; and thereupon said court refused to consider or receive said evidence, or any part thereof, for the reason aforesaid, and struck the same out of said evidence in said case;" to all of which the contestor excepted at the time.

The court found for the contestee. Motion for a new trial overruled; exception; appeal.

The rulings of the court in holding the second paragraph of the reply as a departure, and in striking out the evidence that had been given under it, are assigned and insisted upon by the contestor as the main errors in the case.

The statute under which an election to an office may be contested, 1 G. & H. 316, sec. 14, provides four grounds of contest:

1. For malconduct of any member or officer of the proper board of judges or canvassers.

2. When the contestee was ineligible.

3. When the contestee, previous to such election, shall have been convicted of an infamous crime, etc.

4. On account of illegal votes.

It is urged by the contestee that, as the contestor has founded his complaint on the first ground of contest, he cannot reply matter founded on the fourth ground of contest; that to reply illegal votes received by the contestee, does not support his complaint of malconduct in the officers, and, therefore, that the reply is a departure in pleading.

Section 15, 1 G. & H. 318, enacts that,

"No irregularity or malconduct of any member or officer of a board of judges or canvassers, shall set aside the election of any person, unless such irregularity or malconduct was such as to cause the contestee to be declared elected, when he had not received the highest number of legal votes; nor shall any election be set aside for illegal votes, unless the number thereof given to the contestee, if taken from him, would reduce the number of his legal votes below the number of legal votes given to some other person for the same office."

And by section 19 of the same act, it is declared, that "if it be proved that any person other than the contestee has the highest number of legal votes, such board shall declare such person elected and certify the same to the proper officer."

It appears, therefore, that the malconduct of the officers cannot, of itself, be a ground of contest; and it would seem that the person who has the highest number of legal votes shall be declared elected, whether he be the contestor or not. We think the true *gravamen* of the case, whatever may be the ground of contest, is "the highest number of legal votes." Inasmuch, therefore, as the effect of the malconduct of the officers, as averred in the complaint before us, in counting more votes to the contestee than he had legally received, and not the malconduct itself, is the true ground of contest, and as the facts alleged in the reply would reduce the number of legal votes received by the contestee, and thus destroy the effect of the second paragraph of his answer, and as the real subject

of contest is the highest number of legal votes, we think the reply was no departure from the grounds alleged in the complaint. It follows, then, that striking out the evidence which had been received under the reply, and which tended to prove the facts therein stated, was an error. In this view, we are supported by the case of *Wheat* v. *Ragsdale*, 27 Ind. 191, wherein this court say :

" For the reasons above stated, we think the court erred in ordering that the appellant should not be permitted to introduce any evidence under the second, third and fourth paragraphs of his answer. Indeed, this order seems to be without authority to support it in practice. If the paragraphs were so defective as not to admit any evidence under them, the demurrers to them should have been sustained, or they should have been stricken out on motion, on the refusal of the appellant to make them more certain."

There is no difference in principle between refusing to admit evidence, and rejecting it from the case after it has been admitted.

The judgment is reversed ; cause remanded, with instructions to grant the motion for a new trial, and for further proceedings.