## CUTLER *v.* THE STATE.

CRIMINAL LAW.—*Assault.*—*Evidence.*—In a prosecution for an assault, the evidence must show some movement on the part of the defendant towards physical violence, some attempt in that direction; threatening language, of a conditional and rather defensive than aggressive character, unaccompanied by any obvious effort to inflict an injury, is not sufficient.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. W. Sellers,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution for an assault, commenced in the White Circuit Court, and taken by a change of venue to the court below.

After a verdict of guilty was returned by a jury, the defendant moved the court for a new trial, for the alleged cause, that the evidence was not sufficient to sustain the verdict, but the motion was overruled, and there was judgment on the verdict.

The overruling of the motion for a new trial is assigned for error here.

On the trial James E. Montgomery, the prosecuting witness, testified:

"I am acting as constable in Union township of White county, where I live; was constable on the 14th day of September, 1877; I had property of the defendant advertised for sale that day; I went to his or his father's residence (they both live together) that day, to make sale of the property; after the defendant and Mr. Monroe tried to settle, the defendant undertook to drive Monroe away; I stepped between them; the defendant then went for an axe; he caught it a foot from the end of the handle; he said: 'If you interfere I will cut you down with this axe;' he held the axe rather behind him; I told him he had better lay the axe down, or he would get into trouble; his father then took the axe away from him; the defendant was within three or four feet of me; he was close enough to me to strike me with the axe; this was on said 14th day of September, 1877, and in White county, Indiana; I had a knife in my hand when I stepped between the defendant and Monroe; it was a common pocket-knife which I had in my hand, whittling a block of wood."

Byron Williams also testified:

"I live in White county, Indiana, and was present at

Cutler's on the 14th day of September, 1877; the defendant and Montgomery had some words; Montgomery had his hands on the defendant and pushed him back from Monroe, telling him that no one was afraid of him; the defendant said: 'Who are you going to cut with that knife? If you hit me with that knife I will chop you down with this axe,' and drew the axe back in a striking attitude."

This was, in substance, all the evidence given in the cause.

Our statute says: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," etc. 2 R. S. 1876, p. 459. 2 Whart. Crim. Law, sec. 1242, in treating of an assault, says: "There must be some movement towards physical violence. 'It must also,' to adopt the language of the late Judge GASTON, 'amount to an attempt; for a purpose to commit violence, however fully indicated, if not accompanied by an effort to carry it into immediate execution, falls short of an actual assault.'"

Considering all the evidence together, in the light of the foregoing definitions, we think it fell short of proving the assault charged. No actual attempt on the part of the defendant to strike the prosecuting witness seems to have been shown. The threatening language used was of a conditional and defensive rather than of an aggressive character, and was not accompanied by any obvious effort to inflict a blow with the axe.

We are of the opinion, that the verdict was not sustained by the evidence, and that the court below erred in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded for a new trial.