## JORDAN v. PEACOCK ET AL.

[No. 12,342.    Filed January 7, 1926.]

1. APPEAL.—*Failure of appellee to file brief controverting appellant's propositions may be taken as confession of error.*— Failure of appellee to file brief controverting the propositions in appellant's brief making a *prima facie* cause for reversal may be taken as confession of error.    p. 88.

2. ELECTIONS.—*Existing laws on the subject of recounting the votes at elections not repealed by act of 1921 (Acts 1921 p.*

Jordan v. Peacock—84 Ind. App. 86.

*198*, §§*7623-7632 Burns 1926).*—The act of 1921 (Acts 1921 p. 198, §§7623-7632 Burns 1926), which makes provision for the recount of the votes when both machines and paper ballots were used, did not repeal existing laws on the subject of recount of votes. p. 89.

3. ELECTIONS.—*Recount of the votes at election where only paper ballots were used must be under the law of 1881.*—Where only paper ballots were used at an election, a recount of the votes must necessarily be under the law of 1881 (Acts 1881 [Spec. Sess.] p. 482, §7587 *et seq.* Burns 1926). p. 89.

4. ELECTIONS.—*Recount proceeding is not independent judicial proceeding, but special proceeding in aid of election contest.*— The proceeding for the recount of the votes under §7587 *et seq.* Burns 1926, §6990 Burns 1914, is not an independent judicial proceeding, but is a special proceeding for the discovery of evidence and in aid of an election contest. p. 89.

5. ELECTIONS.—*Duties of court in recount proceeding under act of 1881 are ministerial and not judicial, and limited by the provisions of the statute.*—In a proceeding to recount the ballots under the law of 1881 (§7587 *et seq.* Burns 1926, §6990 *et seq.* Burns 1914), the duties of the court are ministerial and not judicial, and limited to the issuance of the order for a recount and the appointment of the commissioners to make the same. p. 89.

6. ELECTIONS.—*Commissioner's fee in recount proceedings.*— The costs in a recount proceeding under the act of 1881 (§7587 *et seq.* Burns 1926, §6990 *et seq.* Burns 1914), are specifically fixed by the statute, the fee of the commissioners being limited to $3 per day. p. 89.

7. ELECTIONS.—*In recount proceeding under law of 1881, no judgment rendered.*—In a recount proceeding under the law of 1881 (§7587 *et seq.* Burns 1926, §6990 Burns 1914), the duties of the judge of the court are ministerial and he has no authority to render a judgment for one party against the other. p. 89.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Election contest by Seward W. Jordan against John W. Truitt. On recount of the ballots ordered by the court, judgment was rendered for the contestee and, as a part of said judgment, the recount commissioners were allowed $10 per day. From this judgment, the contestor appeals. *Reversed.* By the court in banc.

*R. W. Lennington* and *McClellan, Hensel & Guthrie*, for appellant.

REMY, J.—At the primary election held in Delaware county, May 6, 1924, appellant and appellees Truitt and Krohn were candidates of the same political party for the office of county commissioner of the third district. By the official count of the ballots, it appeared that Truitt had received a plurality of the votes cast, and was nominated. Appellant, desiring a recount of the ballots, filed with the circuit court his petition asking that three commissioners be appointed for that purpose, the petition reciting, as was the fact, that the ballots cast at the election were all paper ballots. The commissioners were appointed and the ballots recounted as prayed. The recount, as the official count, showed Truitt to have been nominated, and the court rendered a judgment against appellant, and as a part of the judgment made an order allowing each of the recount commissioners the sum of $10 per day for fourteen days. A motion by appellant to modify the judgment was overruled, as was his motion for new trial.

It is urged by appellant that the recount commissioners were entitled to $3 per day, and no more, and that the court erred in making the *per diem* allowance of $10. No other question is presented by this appeal.

Appellant filed brief showing *prima facie* error. Appellee has filed no brief, and for this neglect has offered no excuse. The failure of appellee to contro-

1. vert the error assigned might by this court have been taken as a confession of error. *Marion, etc., Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559. Nevertheless, we shall decide the case on its merits.

For the recount of votes or ballots cast at an election, the statutory law of this state consists of three acts: The Act of 1881 (§7587 *et seq.* Burns 1926, §4743 *et*

*seq.* R. S. 1881) which makes no provision for
2. the recount of votes recorded by voting machines,
and ·which authorizes an allowance of $3 per
day for the services of recount commissioners; the Act
of 1911 (§7592 *et seq.* Burns 1926, Acts 1911 p. 67)
which provides for recount of votes when voting ma-
chine is used, but makes no specific provision for the
pay of recount commissioners, except that a mechanic,
if employed, shall be paid a *per diem* of $5; and the act
of 1921 (§7623 *et seq.* Burns 1926, Acts 1921 p. 199)
which makes provision for the recount of votes when
machine and paper ballots are both used. It is spe-
cifically provided by §10 of the Act of 1921, that the
act is supplemental to, and does not repeal, existing
laws on the subject of recount of votes.

Since only paper ballots were cast at the election, it
is clear that the recount was under the act of 1881. The
proceeding created by that act is not an inde-
3-7. pendent judicial proceeding, but is a special
proceeding for the discovery of evidence, and in
aid of one·who desires to contest with another the title
to an office. *Williams* v. *Bell* (1915), 184 Ind. 156,
110 N. E. 753. The only duties of the court authorized
by the statute are the appointment of the commission-
ers and the issuance of the order for the recount, which
duties are ministerial and not judicial in character.
Under the statute, the report of the commissioners
showing the result of the recount must be filed with the
clerk of the court, and by him recorded in the court
order-book. The costs are specifically fixed by the act,
being $3 per day for each commissioner, and the sum of
$5 for the services of the clerk. In this case, the recount
commissioners should each receive a *per diem* of $3.

It follows that the action of the court in rendering
the judgment was without authority of law, and the
judgment is therefore reversed.