HUMPHRIES ET AL. *v.* PEACOCK ET AL.

[No. 13,204. Filed December 6, 1928.]

*Francis A. Shaw,* for appellants.

*E. R. Templer,* for appellees.

REMY, J.—At the general election of 1926, appellant Humphries was a candidate for sheriff of Delaware county, the opposing candidate being Harry McAuley. On the face of election returns, McAuley received a plurality of the votes cast, and it was so certified by the election officials. Appellant, desiring a recount, filed with the circuit court his petition asking that a commission of three be appointed for that purpose. With the petition, appellant filed his undertaking that he would prosecute the cause to effect, and pay all costs incurred in making the recount. The undertaking was signed by appellant Humphries, as principal, and by the other appellants as sureties. The petition recited that some of the votes for sheriff were cast by the use of voting machines, and some by the use of paper ballots.

In response to the petition, the court appointed appellees James R. Peacock, Grover C. Arbogast and William Matheson. Having completed the recount, the commissioners filed with the court their report, in which they certified the total number of votes cast for each candidate. It was also shown by the report that, in making the recount, each commissioner had been engaged for a period of seven and one-half days. Whereupon the court taxed against the petitioner the costs of the recount, in the total sum of $240, specifying that $80 was the amount taxed in favor of each commissioner.

A fee-bill having been issued against appellant for the costs so taxed, and there having been a return of "no property found," separate actions, based upon the undertaking, were begun by Peacock, Arbogast and Matheson, appellees herein, to enforce collection of the costs taxed in their favor. The complaints in the three cases were

identical in form, except as to name of plaintiff, and, on order of court, the causes were consolidated.

Trial resulted in a finding that it had taken seven and one-half days to recount the ballots, and in the form of a judgment there was made an allowance to each commissioner at the rate of $10 per day, from which judgment this appeal is prosecuted.

On the trial, the evidence showed that seven days' work were required of the commissioners in recounting the paper ballots, and one-half day in canvassing the votes cast by use of the voting machines. Appellant calls attention to these facts, and argues, that, under the holding of this court in *Jordan* v. *Peacock* (1926), 84 Ind. App. 86, 150 N. E. 60, the maximum which could be allowed to commissioners for the services in recounting the paper ballots would be a *per diem* of $3. We do not concur in that view.

The Jordan case is readily distinguished. In that case, the votes recounted were cast by the use of paper ballots only, no machines had been used, and the commissioners were appointed and served pursuant to the act of 1881 (§7587 *et seq*. Burns 1926, §4743 *et seq*. R. S. 1881), which makes no provision for the recount of votes recorded by voting machines, and authorizes a *per diem* allowance of but $3 for the services of each commissioner. In the case at bar, the votes to be recounted included those recorded by voting machines as well as those cast by the use of paper ballots, and the appointment of recount commissioners, and the recount, were pursuant to the act of 1921 (Acts 1921 p. 198, §7623 Burns 1926, *et seq*.), which makes provision for the recount of votes when voting machines and paper ballots are both used in the election, and fixes the pay of the commissioners at $10 per day.

It follows that, for the services performed in making the recount, appellees were each entitled to a *per diem*

allowance of $10, or a total of $75 for each of them.
Affirmed.