STATE, EX REL. KOLLMEYER *v.* BAKER, JUDGE.

[No. 26,197.   Filed October 12, 1932.]

*Julian Sharpnack* and *William H. Dobbins,* for relator.
*Pickens, Davidson, Gause, Gilliom & Pickens,* for respondent.

TREANOR, J.—This is an original action for mandate wherein the relator, Carl J. Kollmeyer, asks that a writ of mandate be issued from this court directing the respondent, Charles S. Baker, as judge of the Bartholomew Circuit Court, to reinstate relator's petition for a recount and to make an order directing a recount of the ballots cast at the 1932 primary election for the Democratic candidates for the nomination of judge of the Ninth Judicial Circuit, and directing said respondent, as such judge, to appoint commissioners to make said recount.

Upon the granting of an alternative writ the respondent demurred to the writ and the petition upon which it was issued, upon the ground that neither stated facts sufficient to constitute a cause of action.

The relator's petition for writ of mandate alleges that in the May, 1932, primary election the relator and one George W. Long were opposing candidates for judge of the Ninth Judicial Circuit on the Democratic ticket; that on May 12, 1932, and within ten days after the Thursday next succeeding such election he filed in the Bartholomew Circuit Court a petition for a recount of the vote cast at such election for the candidates for judge of the Ninth Judicial Circuit on the Democratic ticket. Relator's petition for writ of mandate contains copies of the petition for recount, of the notice of its filing served upon Long and of the undertaking for the payment of costs approved by the court. He further alleges that on May 21, 1932, Long filed a verified motion to dismiss the petition for recount, which motion relator sets out in his petition for writ of mandate. The fifth reason given in the motion to dismiss is as follows:

"The Democrat primary election mentioned in the petition for recount of Carl J. Kollmeyer, filed May 12, 1932, to which this motion is addressed, was a Democrat primary election held on the 3d day of May, 1932, under the provisions of chapter 105, page 359, of the Acts of 1915 and the acts amendatory thereto. That at said Democrat primary election said Carl J. Kollmeyer and George W. Long were opposing candidates for the nomination of judge of the Ninth Judicial Circuit, and the primary canvassing board, on the 4th day of May, 1932, declared said George W. Long nominated to said office. That no contest has been filed by Carl J. Kollmeyer or any one else to contest the nomination of said George W. Long to said office to this date, and that more than ten days have elapsed since said George W. Long was declared nominated to said office."

The petition for writ of mandate shows that the respondent, Charles S. Baker, as judge of the Bartholomew Circuit Court, sustained the motion of Long to

dismiss the petition for a recount and refused to appoint commissioners to recount said ballots.

The respondent in support of his demurrer urges that the writ of mandate should not be made permanent for the reason that it would be of no avail to the relator under the circumstances of this case. In support of this proposition respondent contends (1) that the result of a recount can only be used as evidence in a contest proceeding and (2) since no contest proceeding was filed within the time fixed by statute there can be no contest of the result of the primary and, consequently, the obtaining of a recount would be a futile proceeding. An examination of the relevant statutory provisions and of the decisions of the Appellate Court and this Court leads us to the conclusion that respondent's contention is sound. See §§7587-7590, 7597, 7610-7615 Burns Ann. Ind. St. 1926; Acts 1881, Special Session, Ch. 47, p. 482, §61 et seq.; §§7405, 7439 Burns, *supra;* Acts 1915, Ch. 105, p. 359; §§7558-7559 Burns, *supra,* Acts 1915, Ch. 145, p. 590; *State, ex rel.,* v. *Cox* (1900), 155 Ind. 593, 597, 58 N. E. 849; *State, ex rel.,* v. *Allen* (1920), 189 Ind. 369, 373, 127 N. E. 145; *Farlow* v. *Hougham* (1882), 87 Ind. 540; *English* v. *Dickey* (1891), 128 Ind. 174, 177, 27 N. E. 495; *Dobyns* v. *Weadon* (1875), 50 Ind. 298; *Hadley* v. *Gutridge* (1877), 59 Ind. 302.

"Since only paper ballots were cast at the election, it is clear that the recount was under the act of 1881. The proceeding created by that act is not an independent judicial proceeding, but is a special proceeding for the discovery of evidence, and in aid of one who desires to contest with another the title to an office." *Jordan* v. *Peacock* (1926), 84 Ind. App. 86, 89, 150 N. E. 60.

". . . the proceeding is a special statutory one in the nature of a discovery of evidence to be used in a judicial trial of the title to an office by statutory contest or information wherein the result may be overturned by the ballots themselves. It is only in

aid of one who desires to contest with another the title to an office and not an independent judicial proceeding." *Williams* v. *Bell* (1915), 184 Ind. 156, 165, 110 N. E. 753.

Since relator's petition for a writ of mandate does not show that contest proceedings had been initiated within the period fixed by law for the bringing of a contest, respondent's demurrer must be sustained.

The alternative writ of mandate is discharged and permanent writ denied.